WILLIAM W. STOCKLEY v. JOHN STOCKLEY ET AL.

*Bill of review—Leave to file—Discretion of court.*

1. The diligence and prudence required of ordinarily prudent litigants requires something more on their part than the mere employment of counsel, especially when they are given information which would put an ordinarily prudent person upon his guard; citing *Loree v. Reeves*, 2 Mich. 133.

------

2. An application for leave to file a bill of review is the method employed to obtain a rehearing and to vacate a decree after its enrollment; but the results to be attained, and the facts properly to be considered, are the same as though it were a motion for a new trial, or a motion for a rehearing and to vacate a decree before its enrollment, and in like manner it addresses itself to the fair discretion of the court, and in passing upon it each case stands by itself, and is controlled by the circumstances surrounding it, without reference to any other case.

3. The power of the court in granting or denying an application for leave to file a bill of review is largely discretionary, and is always to be exercised in view of the peculiar circumstances of each case, so as to effectuate substantial justice, and protect the legal and equitable rights of the parties; and unless this principle has been violated by the circuit judge through an abuse of the fair discretionary power with which he is invested, his decision should not be disturbed.

Appeal from Gogebic.    (Haire, J.)    Submitted on briefs October 5, 1892.    Decided October 27, 1892.

Defendants John and Emma Stockley appeal from an order denying leave to file a bill of review.    Affirmed. The facts are stated in the opinion.

*T. L. Chadbourne ( Chadbourne & Rees*, of counsel), for complainant, contended:

1. As the application of defendants for leave to file a bill of review is not founded upon newly-discovered facts or evidence, and is made after the expiration of the time allowed for bringing an appeal, it cannot be entertained, "unless upon reasons satisfactory to the court;" citing Chancery Rule No. 101.

2. No such reasons are shown in the record or claimed in the brief of counsel, and it would be contrary to the established course of chancery practice, and to the rights of the complainant, to allow the decree to be opened and reviewed so long after its entry, and without any excuse whatever for the laches of the defendants; citing *Sanford v. Haines*, 71 Mich. 116; Jenn. Ch. Pr. 374.

3. The granting of leave to file a bill of review is not a matter of right, but rests in the sound discretion of the court, in view

of all the circumstances and consequences; citing *Thomas v. Brockenbrough*, 10 Wheat. 146; Jenn. Ch. Pr. 373; Story, Eq. Pl. § 417; 2 Hoff. Ch. Pr. 8; 2 Dan. Ch. Pr. 1578; 2 Barb. Ch. Pr. 95.

*Button & Norris*, for appellants, contended: ·

1. If the appellants exercised such diligence and prudence in procuring counsel as would be expected of ordinarily prudent persons, and it was wholly because of the carelessness, negligence, or wantonness of such counsel that they have been deprived of the benefit of their defense, the prayer of their petition should be granted, and they be allowed to put in their defense; citing *Loree v. Reeves*, 2 Mich. 133; *Herbert v. Rowles*, 30 Md. 279; *Sayer v. Finck*, 2 Caines, 336; *Schenck v. Woolsey*, 3 Id. 100; *Millspaugh v. McBride*, 7 Paige, 509; *Tripp v. Vincent*, 8 Id. 176; *Beekman v. Peck*, 3 Johns. Ch. 415; *Nash v. Wetmore*, 33 Barb. 159; *Miller v. Rushforth*, 4 N. J. Eq. 174; *Brinkerhoff v. Franklin*, 21 Id. 334; *Embury v. Bergamini*, · 24 Id. 229; *Day v. Allaire*, 31 Id. 315; *Carter v. Torrance*, 11 Ga. 654; *Erwin v. Vint*, 6 Munf. 267.

DURAND, J.   This case comes up on an appeal from a final order denying leave to file a bill of review, and only the facts relating to the points raised by the record will be stated.

The bill of complaint was filed February 9, 1889, in the circuit court for the county of Gogebic, in chancery, by the complainant, to foreclose a mortgage purporting to have been made on March 19, 1888, by the defendants John Stockley and Emma Stockley, his wife, to secure to the complainant the payment of 40 notes of $100 each, and payable in monthly payments after that date.   The other defendants were made parties as subsequent incumbrancers. On May 15, 1889, the defendants John and Emma Stockley caused their answer to be filed through one James Freeman, as their solicitor, in which, among other things, they claimed that the notes and mortgage were obtained without consideration, as well as by false representations on the part of the complainant.   The other defendants were defaulted,

and an order *pro confesso* entered as to them. After filing a replication, and on July 5, 1889, the usual order for taking testimony in 60 days was filed and served. August 20, 1889, notice of taking testimony of certain witnesses for complainant was served on the contesting defendants as well as upon their solicitor, and on the day set complainant's proof was taken. The 60 days limited for producing witnesses expired, and, although repeatedly urged, no steps were taken by the defendants or their solicitor to produce or examine any witnesses in their behalf, or to give any attention to the order which had been entered in reference thereto; and finally, on January 9, 1890, an order was entered closing the proofs. The usual notice was served, and the cause brought on for hearing in the regular way before Judge Daboll, presiding judge, and on January 27, 1890, a decree of foreclosure in the usual form was duly entered and signed.

After this decree was made, the contesting defendants secured the assistance of M. M. Riley, an attorney at law, to assist their solicitor, Freeman, and his name was entered as solicitor in the cause for them. On the defendants' petition, Judge Daboll, on February 7, 1890, made an order that all further proceedings under the decree be stayed until the first day of the next term of court, at which time, to wit, May 12, 1890, an order was made by Judge Daboll, vacating and setting aside the decree and the order closing the proofs, and extending the time in which proofs might be taken, but, as expressed in said order, that same must be closed " twenty days before the first day of the next term of this court, to be holden on the first Monday of August next." The defendants did not comply with this order; neither did they take any proofs; and on July 23, 1890, after the expiration of the time limited, complainant entered a second order in the case closing the proofs, and served notice of the same, and

again brought the case on for hearing, and on August 4, 1890, a second decree of foreclosure was entered in the cause, substantially the same as the first.

After this last decree was entered, the defendants employed C. F. Button as solicitor, who, on August 16, 1890, filed a petition asking that a stay of proceedings might be granted until the first . day of the next term of court, to allow the defendants to appeal to the court for a rehearing. The court granted the motion. At the next term of court, and on December 17, 1890, the petition to set aside the decree and for relief was brought on to be heard, and, after due consideration, the same was denied by Judge Williams. The defendants then claimed the right to make a new petition, and applied to the court for a further stay of proceedings, to enable them to renew their application, which was also denied, and on January 9, 1891, the decree referred to was duly and properly enrolled.

On January 10, 1891, notice was given for a sale on March 4, 1891, of the property described in the decree by a circuit court commissioner, and on February 28—a few days before the proposed sale—the defendants made, and the circuit court commissioner granted, an application of said defendants, which was based upon the petition and affidavits filed in the cause, staying said sale until the first. day of the next succeeding May term of said court, in order to give them the right again to move to get the decree and the order closing proofs set aside. On March 3, 1891, the matter was brought to the attention of the circuit judge, who promptly set aside the order of the circuit court commissioner, and ordered the sale to proceed on March 4, 1891, according to the terms of the published notice of sale. The sale was accordingly made on March 4, 1891, and the property was sold. On March 13, 1891, the defendants filed exceptions to the sale made by the circuit court commissioner, and on July 1, 1891, the circuit

judge made an order overruling the exceptions and confirming the sale so made. A decree was also entered against the defendant John Stockley, who had been adjudged personally liable for the deficiency which remained unpaid upon the decree after the sale of the mortgaged premises.

Many things contained in the record need not be discussed here, as they are not necessary to the determination of the question presented, which is whether the circuit judge erred in denying leave to file a bill of review in this case. As is seen by the facts stated, extraordinary means were resorted to by the defendants during the progress of the case to invoke the clemency of the court in their behalf, and to excuse them from the results which had been brought about through their own neglect. We fail to discover wherein they were denied either a fair hearing or generous treatment from either of the learned circuit judges to whom they appealed during the progress of the litigation; and it is not too much to say that the defendants, by the filing and urging of repeated petitions and motions, succeeded in producing much, if not very unusual, delay.

While the defendants contend that their solicitors are entirely responsible for the neglect, which they charge as the cause for not bringing in the witnesses to prove their defense, we are compelled to say that the record does not sustain them on that point. At least one of their solicitors gave them information which should have prompted them to act, and, in addition, complainant's solicitor caused them to be personally notified of some of the proceedings, so as to put them upon their guard against the consequences of neglect. The mere employment of counsel is not always sufficient to excuse parties for repeated and flagrant acts of neglect. The diligence and prudence required of ordinarily prudent litigants requires something more than this, especially when they are given informa-

tion which would put an ordinarily prudent person upon his guard. This doctrine is well settled, and is clearly recognized in *Loree v. Reeves,* 2 Mich. 133, referred to in defendants' brief.

An application for leave to file a bill of review is the method employed to obtain a rehearing and to vacate a decree after its enrollment; but the results to be attained, and the facts properly to be considered, are the same as though it were a motion for a new trial, or a motion for a rehearing and to vacate a decree before its enrollment, and in like manner it addresses itself to the fair discretion of a court. In passing upon it, each case stands by itself, and is controlled by the circumstances surrounding it, and without reference to any other case. The power of the court in granting or denying it is largely discretionary, and is always to be exercised in view of the peculiar circumstances of each case, so as to effectuate substantial justice, and protect the legal and equitable rights of the parties. Unless this principle has been violated by the circuit judge through an abuse of the fair discretionary power with which he is invested, his decision should not be disturbed. In this case we do not think he is chargeable with this fault. The parties were before him, as well as their solicitors, and we think the record fully sustains him in the decision he made.

The order of the circuit judge denying the petition for leave to file a bill of review in this case is affirmed, with costs.

The other Justices concurred.