MAHALA BARNES v. WILLIAM E. GROVE, CIRCUIT JUDGE OF KENT COUNTY.

*Equity practice—Rehearing.*

The circuit court in chancery has power to grant a rehearing in a proper case before enrollment, and after the time for taking an appeal has expired.

*Mandamus.* Argued October 10, 1893. Denied October 24, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order granting a rehearing. The facts are stated in the opinion.

*Maher & Salsbury,* for relator.

*M. H. Walker,* for respondent.

HOOKER, C. J. Relator obtained a decree upon a bill

filed by her in the Kent county circuit court, in chancery, which decree was entered upon the 1st day of April, 1892. At the same time a similar decree was made in a cause between Urial Barnes and the same defendants, being heard upon the same proofs, and in all respects similar to said first-mentioned cause. One case was made, settled, signed, and filed in both causes, and separate certificates were made, one entitled in each case. The appeal fee of five dollars was not paid in this case until October 13, 1892. Costs were taxed, and paid to prevent a threatened levy and sale on execution. The case of Urial Barnes was heard and reversed by the Supreme Court,[1] whereupon a petition for rehearing was filed by defendants. This petition was made promptly after the decision of the Supreme Court was announced, but not until 14 months had expired after the entering of the decree. The cause had not been enrolled.

It is contended by relator that the time during which the defendants could apply for a rehearing was limited to the time within which an appeal might have been taken. This is the rule laid down in *Benedict v. Thompson,* Walk. Ch. 446. The English practice seems to have made enrollment the termination of the period within which a rehearing could be granted. Danl. Ch. Pl. & Pr. 1475. Until that time the decree was not considered a record of the court, and might be altered upon rehearing. Id. 1019, 1475. The same rule appears to have prevailed in New York. 1 Barb. Ch. Pr. 352. In some cases rehearings have been allowed several years after the decrees were rendered. Danl. Ch. Pl. & Pr. 1476, and cases cited. And the fact that the decree has been carried into execution does not prevent a rehearing. Id. 1467, 1476.

But departures have been made from this practice under rules of court. Thus, by a rule of the English court of

---

[1] See *Barnes v. Munro,* 95 Mich. 612.

chancery, "a petition for a rehearing must be presented within a fortnight after the order pronounced." Walk. Ch. 447. And the decision in Walker is based upon rule 105 of the court of chancery of Michigan, adopted to take effect January 1, 1839. The following is a copy of that rule:

"On filing a bill of review, or other bill in the nature of a bill of review, the complainant shall make the like deposit, or give security to the adverse party in the same amount, which is or would be required on an appeal from an order or decree complained of; and no such bill shall be filed, either upon the discovery of new matters or otherwise, without special leave of the court first obtained, nor unless the same is brought within the time allowed for bringing an appeal." See "Rules and Orders of the Court of Chancery of the State of Michigan, Revised and Established by the Chancellor in January, 1839."

Under the settled doctrine that a bill of review was the remedy, to the exclusion of a petition for rehearing, after enrollment, it logically followed that the latter must be limited by this rule, which was accordingly so held in the case in Walker. Nine years after this case was decided the rigor of this rule was mitigated, an exception being added as follows, viz., "except upon newly-discovered facts or evidence." In such cases it would seem that bills of review could again be filed as before. And in the "New Rules," adopted in 1858 by this Court, the rule is still further amended by adding the words, "unless upon reasons satisfactory to the court." See Chancery Rule No. 101. This seems to have restored the practice of permitting bills of review to be filed in proper cases after the time for appeal has passed. The limitation being removed restores the old practice in relation to review and rehearing, except as limited by the existing rule. Accordingly, we find that in *Warner v. Juif*, 38 Mich. 667, this Court notices the want of excuse for delay in passing upon an application

for rehearing, which it would have had no occasion for doing had the rule of 1839 been in force.

The respondent having the power to grant a rehearing, we cannot interfere with his discretion, unless clearly abused. We think this a proper case for its exercise.[1]

The writ of *mandamus* will be denied.

The other Justices concurred.

[1] The petition for rehearing stated that the appeal fee was not paid within 30 days for the reason that defendants' solicitor desired that one appeal should decide both cases, thus saving costs to the parties, and that he believed that no advantage would be taken of this fact by complainant's solicitors until execution for costs issued; that thereupon such appeal fee was paid, and defendants applied to the Supreme Court for leave to perfect the appeal, which was denied because of a want of authority to grant such leave where the appeal fee was not paid within the statutory time; and that since such denial no action had been taken, except the payment of costs, defendants waiting to ascertain the result in the appealed case.