## MANLEY v. KALAMAZOO CIRCUIT JUDGE.

EQUITY PRACTICE — REHEARINGS — MANDAMUS.

Decree was entered against relator, without proofs, upon consent of his counsel. Subsequently he filed a petition with the circuit judge for a rehearing, asking that the decree be set aside, and that he be permitted to defend upon the merits. The petition, which was defective in that it was not accompanied by the certificate of counsel, as required by Chancery Rule No. 25, to the effect that they believed the decree erroneous in the particulars mentioned in the petition, was denied. Relator, although the lapse of time had not been such as to prevent the filing of a new petition, made application for *mandamus* to compel the circuit judge to set aside the decree and permit him to enter his defense. *Held*, that the peremptory writ should be denied, but without prejudice to the right to present the question anew, upon proper showing, to the circuit judge.

*Mandamus* by Charles H. Manley, administrator of the estate of Elijah W. Morgan, deceased, to compel George M. Buck, circuit judge of Kalamazoo county, to set aside a decree. Submitted July 13, 1897. Writ denied without prejudice October 1, 1897.

*E. M. Irish* (*J. F. Lawrence*, of counsel), for relator.

*N. H. Stewart*, for respondent.

Per Curiam.   Lucy C. Eames, individually and as administratrix of the estate of Lovett Eames, deceased, filed a bill against the relator, as administrator of the estate of Elijah W. Morgan, deceased, Otis C. Johnson, executor and trustee of the estate of Lucy W. S. Morgan, deceased, and Lucy D. S. Parker, individually and as executrix of the estate of Franklin Parker, deceased. The bill sets out that relator's intestate, Elijah W. Morgan, was permitted by complainant to handle the assets of the estate of Lovett Eames, and claimed there was a large sum of money due from his estate to the estate of Eames.   The defendants Johnson and Parker appeared, and demurred to the bill.   While these demurrers were pending, the relator caused his appearance to be entered by D. O. French, as solicitor.   A few days later the solicitors of complainant entered an order dismissing the bill as to defendants Johnson and Parker, and almost immediately, without answer or other pleading from relator, a decree was entered against him amounting to $145,485.37.   The decree was entered without proofs, and upon the consent of Mr. French.

Subsequently a petition was filed by the relator to vacate this decree and permit a defense to be made; setting up that the relator expected that the defendants Johnson and Parker would make the principal defense in the case, and that, while he employed Mr. French as solicitor, he did not instruct him to make a particular defense to the case. It does not appear, except from the fact of the general employment of Mr. French, that he was authorized to consent to this decree; and we are strongly impressed with the view that, upon the practice being conformed to, an opportunity should be afforded the relator to enter into a defense on the merits.  But attention is challenged to the fact that the requirements of Chancery Rule No. 25 were not met in the application that was made to the circuit judge.

There was no certificate of counsel such as is required by that rule upon application for rehearing; and while under the authority of *Barnes* v. *Kent Circuit Judge*, 97 Mich. 212, the lapse of time has not been such as to prevent a new application, we think the proper course is to deny the present application, without prejudice, and permit the question to be presented anew, upon proper showing, to the circuit judge.