SIMMONS v. CONKLIN.

1. SPECIFIC PERFORMANCE—DECREE—CONSTRUCTION.

   Under a bill for the specific performance of an oral land contract by the terms of which the land was to be occupied jointly during defendant's lifetime, and then to go to complainant, a decree declaring that the title vest absolutely in complainant on the death of defendant, and that the decree have the same effect to vest the title as a deed from defendant would have, is not, construed as a whole, open to the objection that it vests the title in complainant prior to defendant's death.

2. EQUITY PRACTICE—MODIFICATION OF DECREE.

   An objection to a decree cannot be urged where both court and counsel have formally indicated a willingness to modify the language so as to remove the objection.

3. BILL OF REVIEW—GROUNDS FOR—FAILURE TO APPEAL.

   Leave to file a bill of review will not be granted on the sole ground that petitioner has lost his right to appeal through the neglect of his counsel.

Appeal from Eaton; Smith, J. Submitted November 13, 1901. Decided December 30, 1901.

Bill by Harvey Simmons and Marion J. Simmons against Allen Conklin and others for the specific performance of a land contract. There was a decree for complainants, and, from an order denying his petition for leave to file a bill of review, defendant Allen Conklin appeals. Affirmed.

J. B. Hendee and Garry C. Fox, for complainants.

Corbin & Peters, for appellant.

HOOKER, J. The complainants filed a bill to compel the specific performance of an oral land contract made with them by defendant Allen Conklin, and incidentally to set aside some deeds of portions of the premises made by Allen Conklin to his codefendants. The contract con-

templated the occupation of the premises by Allen Conklin and the complainants during the life of the former, after which the property was to belong to complainant Marion Simmons.   A decree was rendered in favor of the complainants, and one or more of the defendants sought to appeal, but the appeal was dismissed.   Subsequently Allen Conklin caused to be filed his petition praying for leave to file a bill of review upon two grounds: *First,* that the decree was erroneous, in that it adjudged that title to the premises should immediately vest in complainant Marion Simmons, instead of at the death of Allen Conklin, as prayed in the bill; and, *second,* because the right to appeal was lost through the neglect of his counsel employed to take the necessary steps to perfect the appeal, whereby he was prevented from obtaining a review of his cause in this court.

The decree rendered upon the hearing of the original case followed an order that the complainants take a decree as prayed, etc.   A decree was thereafter prepared, and defendants' solicitor appended the following, viz.: " I hereby consent to the entry of the foregoing decree." It was thereafter signed by the circuit judge.   The decree adjudged that the deeds from defendant to others be set aside, and the "title in fee reinvest in defendant Allen Conklin;" and it was further provided that:

"And it appearing to this court that the equities of the case are with the complainants, and that the said complainant Marion J. Simmons has equitable rights and interests in and to said premises, to wit,   *   *   *,   together with the appurtenances thereunto belonging, and fully described in the bill of complaint filed herein:   Now, therefore, it is further ordered, adjudged, and decreed that the title to the said described premises, with the appurtenances thereunto belonging, *be, and the same is hereby, decreed to vest absolutely in the complainant Marion J. Simmons upon the death of the said Allen Conklin.*   *   *   *   It is further ordered, adjudged, and decreed that this decree shall stand in place of, and have the same force and effect to vest the title in the complainant Marion J. Simmons as a deed of conveyance from the said defendant Allen

Conklin to the said Marion J. Simmons might or would have if executed and delivered to her."

In support of the first ground it is claimed that the last clause in the decree, to wit, "it is further ordered, adjudged, and decreed that this decree shall stand in place of, and have the same force and effect to vest the title in the complainant Marion J. Simmons as a deed of conveyance from the said defendant Allen Conklin to the said Marion J. Simmons might or would have if executed and delivered to her," has the effect to give to the complainants an immediate and absolute title in fee to the premises, which the bill shows that they are not entitled to. Taking the decree as a whole, it does not bear the construction claimed by counsel; and, if it did, both court and counsel have indicated formally a willingness to modify the language so as to remove a possibility of such construction.

It is unfortunate that a party should lose his opportunity to appeal without his own fault, but we cannot relieve in such a case as this without practically nullifying the statute. While, as shown in *Barnes* v. *Kent Circuit Judge*, 97 Mich. 212 (56 N. W. 599), this petition was seasonably made, it is apparent that it is being used as a substitute for an appeal, and it cannot be granted upon such a ground. The court will be slow to grant a petition for leave to file a bill of review in a case where the time for taking an appeal has been allowed to pass before filing it.

The order of the learned circuit judge denying the prayer of the petition is affirmed, with costs.

MONTGOMERY, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.