# JANUARY TERM, 1909.

CARRIER *v.* EMMET CIRCUIT JUDGE.

1. MANDAMUS—BILL OF EXCEPTIONS—SETTLEMENT—EXTENSION OF TIME—ABUSE OF DISCRETION.

Mandamus will not issue to compel the circuit judge to settle a bill of exceptions after the expiration of the time provided by rule, where an examination discloses that he did not abuse his discretion in denying a motion for such extension.

2. PLEADING—NOTICE—SUFFICIENCY—WAIVER.

Where, after questioning the sufficiency of a notice for settlement of the return of respondent in mandamus proceedings, relator files a reply brief and enters no motion to dismiss, the court will treat the return as properly before it.

Mandamus by Edwin B. Carrier to compel Frank Shepherd, circuit judge of Emmet county, to vacate an order denying a motion to extend the time for settling a bill of exceptions. Submitted October 14, 1908. (Calendar No. 23,047.) Writ denied February 2, 1909.

*T. Rogers Lyons*, for relator.

*Halstead & Halstead*, for respondent.

MONTGOMERY, J.  This is an application for a mandamus to compel the circuit judge to enter an order extending the time within which to settle a bill of exceptions. The case in the circuit was brought against ten defendants.  One defendant appeared by Pailthorp & Hackney, attorneys, and four of the defendants by Halstead & Halstead.  A verdict was rendered for the defendants on September 7, 1907, and the plaintiff was given until the first day of the January term, namely, January 6, 1908, to settle a bill of exceptions.  No formal notice of a purpose to settle a bill of exceptions was served within the time limited, but on the 23d of December a letter was written to Halstead & Halstead, and also one to Pailthorp & Hackney, by the plaintiff's attorney, as follows:

"I serve upon you herewith the following papers: The original bill of exceptions in the Carrier v. Blaine case. This bill may be amended, and when amended we may agree upon a day of settlement before the court, or we may be able to agree upon the necessary amendments, and agree to settle without the necessity of a day before the court.  This copy I serve upon Mr. Halstead.  I also hand you for your collective use the full stenographer's notes of the trial.  Please consider these served, as I can do no better.  These I inclose to Mr. Halstead.  I also serve copy of bill upon Mr. Pailthorp herewith.  Please acknowledge receipt, and notify me if you will serve me with amendments with a view to agreeing upon a day to settle or stipulate a settlement, or will it be necessary for me to serve notice for settlement in the regular way.  If so, will you please provide a day, and I will meet your convenience."

No reply to this letter was received from Halstead & Halstead.  But on December 26th Messrs. Pailthorp & Hackney wrote as follows:

"We have received your letter of the 23d inst. containing your proposed bill of exceptions.  We will examine the exceptions, and make such suggestions to amend as we may deem proper as soon as we receive the stenographer's minutes, and will then let you know what they are."

No further proceedings were taken by either of the defendants' attorneys, and plaintiff's attorney took no further steps until the 3d of March, 1908, when he wrote the presiding judge, Hon. Frank Shepherd, asking that a time be set for the settlement of a bill of exceptions. He replied that the letter was received just as court was about to adjourn at Petoskey, and that the next term would begin April 13th, and in the meantime he (the judge) would be at Cheboygan. Relator's attorney then served a notice of settlement of bill of exceptions for April 13, 1908, at which time the attorneys for defendants appeared and opposed the settlement of the bill. The circuit judge declined to settle the bill, and the relator's attorney later, and on June 22, 1908, presented a motion for an extension of time in which to settle a bill of exceptions, setting up by affidavits the facts above stated. This motion was denied, and the present proceeding is for an order vacating the order denying the motion and directing the entry of an order extending the time to settle the bill.

It appears that Halstead & Halstead, attorneys for four of the five defendants, failed to reply to the letter of the relator's attorney of December 23, 1907, and that, as a matter of fact, no steps were taken by Pailthorp & Hackney to propose amendments for more than four months after the receipt of the letter. In the meantime relator's attorney did nothing to facilitate the settling of the bill. If the clients of Pailthorp & Hackney were the only ones concerned in the matter, the plaintiff's attorney might be held justified in this delay. But, unfortunately for his position, they were not. There were four defendants who in no way consented, unless their silence be consent, to any extension of time, or any delay beyond the time fixed by the court. The rules of the court were not observed, and we cannot say that it was an abuse of discretion on the part of the circuit judge to refuse, under these circumstances, to give a further extension of time. The case is ruled by *Lake Shore, etc., R. Co.* v. *Branch Circuit Judge,* 116 Mich. 399.

A question as to the sufficiency of the notice for settlement of the return of the circuit judge is raised; but, after criticising the practice, counsel for relator files a reply brief, and has entered no motion to dismiss the proceedings. We, therefore, treat the return as properly before us.

Under the peculiar circumstances of this case no costs will be awarded to the respondent.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.