ROBERGE *v.* De LISLE.

De LISLE *v.* WAYNE CIRCUIT JUDGE.

1. Appeal and Error—Bill of Review—Extension of Time to Appeal—Contents of Record.
   Stenographer's minutes of the testimony cannot be considered on a petition for leave to file a bill of review, or on a petition for mandamus to obtain an extension of time for appealing unless the minutes are made a part of the petitions.

2. Bill of Review—Leave to File—Appeal and Error.
   A refusal of leave to file a bill of review in a suit in chancery will only be reversed for an abuse of discretion.

3. Same.
   Use of a bill of review as a substitute for an appeal, after the time for taking an appeal has expired, is not permissible.

4. Mandamus—Extension of Time to Appeal—Practice.
   An application for an extension of time in which to perfect an appeal is in the discretion of the trial court which will not be overruled on mandamus except in case of abuse.

5. Same.
   It is not an abuse of the discretion of the circuit court to refuse an extension of time to perfect an appeal which had been lost because of alleged neglect on the part of solicitors for a defendant in a cause which was fairly tried, where the equities were found to be with the complainant, and it was further found that justice did not require a revision.

Appeal from Wayne; Donovan, J. Submitted June 15, 1909. (Docket No. 104.) Decided July 15, 1909.

Bill by Josephine Roberge, administratrix of the estate of Rose Bousquet, deceased, against Rose D. De Lisle and another for an accounting: On petition of defendant Rose to file a bill of review. From an order denying the petition, petitioner appeals. Affirmed.

Mandamus by Rose D. De Lisle to compel Joseph W.

Donovan, circuit judge of Wayne county, to vacate an order denying an extension of time to perfect an appeal. Writ denied.

*James F. Hill* (*Ward N. Choate,* of counsel), for appellants.

*Dwyer & Dwyer* (*Hunt & Altland,* of counsel), for appellee.

BLAIR, C. J. This case involves, *first*, an appeal from the order of the Wayne circuit court, in chancery, denying defendants' application for leave to file a bill of review; *second*, a petition for the writ of mandamus to require the circuit judge to vacate his order denying the petition of defendant Rose De Lisle for an extension of the time in which to settle the testimony and complete her appeal.

The bill of complaint sets up that, by the fraud and undue influence of defendants, their mother, Rose Bousquet, was induced to sell her real property for $2,600, deposit the same in bank in the name of defendant Rose D. De Lisle, and that the said Rose, without the knowledge or consent of her mother, withdrew the money from the bank, and invested it in real estate, the title to which she took in her own name. The bill prays, among other things, for an accounting, and that the defendants be decreed to pay to complainant whatever may be found due to be distributed among the heirs of Rose Bousquet. The case was heard upon pleadings and proofs in open court and decree was entered in favor of complainant, September 16, 1908. Defendants were represented by other solicitors until the present solicitors were substitued in February, 1909. On December 10, 1908, a *præcipe* for enrollment of the decree was filed, and on December 11, 1908, the decree was enrolled, a *præcipe* for *fieri facias* was filed, and execution issued.

The first petition for an extension of time was filed February 23, 1909, and alleges as follows:

"Petitioner further shows that, since the trial of this cause, her counsel have led petitioner to believe that petitioner had a meritorious cause, and that the same should be appealed to the Supreme Court, and that they were working upon the appeal, and that there was still plenty of time in which to complete said appeal; that in pursuance with such advice she has gone to great expense towards making such an appeal, obtaining, and paying for the 300-page transcript of the stenographer's notes, besides other various expenses thereto. Petitioner further shows that, on becoming dissatisfied with her counsel, she, on the 1st day of February, 1909, paid them in full for their services, obtaining a substitution of solicitors; that they, at this time, still claimed that there was yet time in which to appeal. Petitioner further shows that, on immediately taking the case to her present counsel, she is by him informed that the time for appeal expired on the 26th day of October, 1908. Petitioner further shows that she is also informed by her present counsel that she has a just and meritorious cause that should be appealed. It is further shown that the decree in this cause is a lien upon certain real estate, so that no harm can befall the complainant while the appeal is being taken. Your petitioner, believing that this honorable court will not permit a litigant to be unjustly deprived of a right to appeal through the fault of her counsel, therefore prays that she be granted a reasonable time in which to perfect her appeal in this matter."

Affidavits were filed in support of and against the petition. The petition was denied. On March 18, 1909, "to eliminate any possible question" as to the filing of a certain affidavit of February 23d, which was objected to by complainant's solicitors, defendant Rose De Lisle filed a second petition for an extension of time, and on the same day the petition for leave to file the bill of review was filed. The petition for leave to file the bill of review was denied for the following, among other, reasons:

"(4) That the original cause was carefully and ably tried and fully presented by counsel for petitioner upon the hearing of the same.

"(5) That the opinion, decision, and the decree based thereon were in accordance with the testimony produced at the hearing.

" (6) That it does not appear to the court herein that justice requires a revision of the case.

" (7) That there is no error of law appearing on the face of the decree for which a bill of review should be allowed to be filed.

" (8) That the alleged new facts, claimed to have been discovered since the decree was entered in this cause, are not sufficiently material to invoke the discretion of this court to reopen the case and permit the filing of a bill of review therein.

" (9) That it does not appear to the court that it was impossible for the said petitioner to produce the alleged new facts at the time the decree was rendered in this cause.

" (10) That the alleged newly-discovered evidence was, or might have been by reasonable diligence, known to petitioner and her counsel at the time of the hearing of the original bill.

" (11) That the petition for leave to file a bill of review is being used as a substitute for an appeal in this cause."

The second petition for extension of time was denied for the reasons, among others, following:

" (4) That the original cause was carefully and ably tried and fully presented by counsel for petitioner upon the hearing of the cause.

" (5) That the opinion, decision, and the decree based thereon were in accordance with the testimony produced at the hearing.

" (6) That the showing made by petitioner in the application herein is insufficient in matter and form to warrant this court in granting the order asked for.

" (7) That it does not appear to the court herein that justice required a revision of the case.

" (8) That the equities in the matter herein are with the complainant, and not with the defendant petitioner herein, and that the discretion of this court in the matter of this application, under all the facts and circumstances herein, ought to be exercised in favor of the complainant and against the defendant."

Counsel for appellant and relator presented for our examination upon the oral argument, and comment in their briefs upon, testimony and rulings of the court as shown by the stenographer's transcript. The petitions were

not based upon such transcript, and we, therefore, cannot consider it. The power of the court in granting or denying an application for leave to file a bill of review is largely discretionary, and his determination ought only to be overruled where such discretion has been abused. *Stockley* v. *Stockley*, 93 Mich. 307 (53 N. W. 523).

The substantial basis for the application for leave to file the bill of review is newly-discovered evidence, and we are satisfied from the affidavits with the correctness of the court's determination that the alleged newly-discovered evidence might have been discovered by the use of reasonable diligence. We also agree with the finding "that the petition for leave to file a bill of review is being used as a substitute for an appeal in this cause."

It was said in *Simmons* v. *Conklin*, 129 Mich. 190 (88 N. W. 625):

"It is unfortunate that a party should lose his opportunity to appeal without his own fault, but we cannot relieve, in such a case as this, without practically nullifying the statute. While, as shown in *Barnes* v. *Kent Circuit Judge*, 97 Mich. 212 (56 N. W. 599), this petition was seasonably made, it is apparent that it is being used as a substitute for an appeal, and it cannot be granted upon such a ground. The court will be slow to grant a petition for leave to file a bill of review in a case where the time for taking an appeal has been allowed to pass before filing it."

We think there was no abuse of discretion in this matter.

The principal ground for the petition for an extension of time to appeal is the negligence or default of defendants' solicitors in not taking the appeal. While we might not have been disposed to question the exercise of his discretion if the circuit judge had granted this petition on the ground that defendant had been deprived of her appeal because of the default of her solicitors, and without fault on her part (see *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603 [55 N. W. 1021]), it does not follow that the court abused its discretion in denying the appli-

cation. Defendant has had her day in court. The circuit judge finds that the case "was carefully and ably tried and fully presented by counsel for petitioner," that justice does not require a revision of the case, and that the equities are with the complainant, and not with the defendants. Mrs. Bousquet left, besides Mrs. Roberge and Mrs. De Lisle, four other adult children, who, under the decree, will share alike in the small estate, which is likely to be dissipated if this litigation continues. The application for an extension of time is addressed to the sound discretion of the court, and we are unable to find any abuse of such discretion. *Lake Shore, etc., R. Co.* v. *Branch Circuit Judge,* 116 Mich. 399 (74 N. W. 529); *Carrier* v. *Emmet Circuit Judge,* 155 Mich. 344 (119 N. W. 575).

The orders of the circuit court are affirmed.

GRANT, MONTGOMERY, McALVAY, and BROOKE, JJ., concurred.