## SKUTT *v.* IONIA CIRCUIT JUDGE.

EQUITY PRACTICE—INJUNCTION TO STAY ACTION AT LAW—STAT-
UTES.
   No bond is required by 1 Comp. Laws, § 507, before issuing an injunction to stay proceedings at law for the recovery of the possession of lands, until after verdict.

Mandamus by Henry Skutt to compel Frank D. M. Davis, circuit judge of Ionia county, to vacate a temporary injunction.    Submitted June 22, 1909.    (Calendar No. 23,448.)    Writ denied July 15, 1909.

*Smedley & Corwin,* for relator.

*R. A. Hawley,* for respondent.

Relator became the purchaser at foreclosure sale of certain lands the title to which, when the mortgage was given November 1, 1880, was in Jude R. Spencer.    After the mortgage was given, Mr. Spencer and his wife conveyed the title to a third party, who reconveyed the same to Mr. and Mrs. Spencer and their son, Charles, as joint

owners of the entirety, with full rights of survivorship. The mortgage which was executed by Mr. and Mrs. Spencer was foreclosed by advertisement, and the proceedings are conceded to be regular. Mr. Jude R. Spencer had died before the foreclosure proceedings. The time of redemption having expired, the sheriff's deed given upon the sale became absolute September 30, 1908. Relator demanded possession of the premises, which was refused. On February 5, 1909, he commenced summary proceedings to recover possession of the premises before a circuit court commissioner, making the widow and the son, Charles, defendants. On the return day the case was adjourned by consent to February 23, 1909. On February 17th of the same month the defendants Sarah and Charles filed a bill in chancery, making relator party defendant thereto, asking that the foreclosure sale be set aside, and that they be allowed to redeem from the mortgage, and that the suit at law be enjoined. The court granted an injunction, without requiring a bond to cover damages and costs in case the final decision should be against them. The relator answered, denying all the material allegations in the bill. The sole defect in the foreclosure proceedings relied upon in the bill is that the land, which constituted three parcels, was sold in one body, and not in three parcels. The claim of the relator is that the land constituted one small farm, and that the sale as one parcel was legal. Relator moved to dissolve the injunction because no bond was given, as was required by the statute. This motion was denied. Relator then made a motion to set aside the order denying the first motion, which was likewise denied. Relator now asks the writ of mandamus to compel the respondent to vacate said order, and to dissolve the injunction.

GRANT, J. (*after stating the facts*). The statute controlling the issuing of injunctions to stay suits at law is section 507, 1 Comp. Laws, and reads as follows:

"No injunction shall issue to stay proceedings at law,

in any action for the recovery of lands, or the possession thereof, after verdict, unless the party applying therefor shall execute a bond, with one or more sureties, to the plaintiff in such action at law, in such sum as the circuit judge or officer allowing the injunction shall direct, conditioned for the payment to the plaintiff in such action, and his legal representatives, of all such damages and costs as may be awarded to them, in case of a decision against the party obtaining such injunction."

The respondent contends that this statute does not require a bond prior to the issuing of an injunction to enjoin suits at law before verdict.

Were it not for the decision of *Jenness* v. *Smith*, 58 Mich. 280 (25 N. W. 191), wherein the court said: "We are not informed by the printed record what steps were taken to give the security, without which proceedings at law cannot be enjoined. The statute is imperative"— we should not hesitate to construe the statute as applicable only to a case where a verdict had been rendered. An examination of the briefs in that case shows that the point was not raised, and that the case was decided upon other points. We must therefore hold that it was dictum. The punctuation in the statute, which places a comma after "lands," and another after "thereof," clearly indicates that the words "after verdict" apply to both actions for recovery of lands, and to actions for the possession thereof. There is no good reason for supposing that the legislature did not intend to apply the words "after verdict" to both actions. Neither is there any good reason for providing that it should apply to one case and not to the other. We are therefore constrained to hold that the statute does not apply to suits for recovery of land before verdict.

The writ must therefore be denied.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.