STOCKWELL *v.* EATON CIRCUIT JUDGE.

1. APPEAL AND ERROR — PRACTICE — WAIVER OF NOTICE OF ENTERING DECREE—CLAIM OF APPEAL.

> After a party has filed a claim of appeal from a decree entered and signed without notice to him of settling the same, he will be considered to have waived his right to insist upon the formal requirement.

2. SAME.

Such claim of appeal is not prematurely filed.

3. SAME—DELAY—EXTENSION OF TIME.

More than ten months having elapsed between the date of the decree and appellant's application for an extension of time to settle a case, and more than nine months after the taxation of costs, the discretion exercised by the court in denying such application will not be disturbed in favor of an appellant who failed to comply with the provisions of the statute and of the court rule governing extensions of time. Chancery Rule 37.

4. SAME—MANDAMUS—EQUITY.

Mandamus will not issue to compel the judge to extend the time for relator to settle a case more than a year subsequent to the entry of the decree, upon a petition that fails to show any merit in relator's case.

Mandamus by Clarence J. Stockwell against Clement Smith, Eaton circuit judge, to compel respondent to set aside an order denying relator an extension of time in which to perfect his appeal. Submitted July 22, 1912. (Calendar No. 25,210.) Writ denied October 1, 1912.

*Elmer N. Peters,* for relator.

*Horace S. Maynard,* for respondent.

STONE, J.  The relator, by his petition for the writ of mandamus, represents:

(1) That on April 18, 1911, in a cause pending in the Eaton county circuit court, in chancery, wherein relator was complainant and one Raymond A. Latting was defendant, a final decree was entered, dismissing the bill of complaint.

(2) That immediately after the opinion was filed the relator ordered a copy of the stenographer's minutes of the testimony taken in said cause; that the same was delivered on or about May 22, 1911, and relator made arrangements with Mr. Peters, one of his solicitors, who had assisted on the hearing of the cause, to condense the minutes and prepare the case for settlement, which work

was performed by Mr. Peters early in June, and the transcript was completed on, to wit, June 12th.

(3) That the solicitor of record for relator in the chancery case took possession of the transcript, for the purpose of having the necessary steps taken to appeal said case.

(4) That relator's solicitor of record refused to take any steps to perfect the appeal until he was paid a balance claimed to be due him for his services in the case, which relator avers was excessive.

(5) That said solicitor refused to go ahead and serve said transcript and stenographer's minutes upon the solicitor for the defendant in the chancery case until his claim was fully paid, but notifying relator and claiming that the time in which relator could take an appeal had not commenced to run, because no written notice of the filing and entry of the decree had ever been served upon relator's solicitor, as provided by Chancery Rule 37.

(6) That relator made diligent effort to adjust his differences with his solicitor, and finally, on or about September 15, 1911, at the office of Gardner & Hood, attorneys, at Lansing (Mr. Gardner having also assisted relator in the trial of said chancery case), a conference was had between relator and all of his counsel and solicitors, and the disputed account was adjusted and settled, and his solicitor of record agreed to go ahead and perfect the said appeal.

(7) That from the time of the filing of the opinion of the circuit judge on April 12, 1911, relator did everything in his power to perfect said appeal and comply with the rules of court covering the matter; and that his solicitor of record could have served a copy of the proposed case and the stenographer's minutes within 60 days from April 18th.

(8) That on November 16, 1911, a copy of transcript to be signed by the circuit judge, and a copy of stenographer's minutes of the testimony, were served on the solicitor for the defendant in the chancery case, and the 30 days for preparation of amendments expired on December

16th. On said last-named date, the solicitor for defendant in the chancery case filed written objections to the signing and settlement of said case on appeal, for the reason that a claim of appeal on the part of relator had been filed and served on defendant's solicitor on April 28, 1911, and a bond on appeal and notice of appeal had been filed and served on May 2, 1911, and that thereafter no steps to perfect said appeal had been taken until November 16, 1911.

(9) That it is true that a claim of appeal was filed and served, and an appeal bond was filed, in said cause, as claimed by defendant's solicitor, and that on May 2d the defendant's costs in said cause were taxed, by consent of relator's solicitor.

(10) That no written notice of the filing and entry of the final decree sought to be appealed from was ever •served upon relator or his solicitor.

(11) That on January 24, 1912, the respondent, the circuit judge before whom said cause was heard, filed an opinion, in which he refused to sign said proposed case on appeal, and found that the decree was settled and signed on April 17, 1911, and that on April 28, 1911, a claim of appeal from said decree was filed, and that on May 2, 1911, the costs in said cause were duly taxed on notice and that on the same date a bond on appeal and notice of the filing of the same and notice of claim of appeal were filed; that on November 16th notice of the proposed settlement of the cause, with proper accompanying papers, were served on the defendant, and respondent held that written notice of filing and entry of the decree sought to be appealed from had been waived.

(12) That on February 27, 1912, relator filed a motion to extend the time for settling said cause for review, which came on to be heard about March 1, 1912; that said motion was based upon the records and files in said cause and upon an affidavit of relator, setting forth the facts substantially as herein set forth, and on March 20, 1912, respondent denied the motion.

(13) That relator is advised and believes that the time for settlement of said case would not begin to run against him until service of written notice of the filing and entry of decree, as provided by Chancery Rule 37, and that the filing of claim of appeal was premature and irregular, and did not constitute a waiver.

The petition for mandamus was signed and sworn to May 29, 1912, being more than a year after decree was entered and claim of appeal filed and served.

In his answer to the order to show cause, the respondent calls attention to the facts appearing in the petition that no application was made to the court for relief until the motion of February 27, 1912, was entered. After service of notice of appeal and taxation of costs, relator served no paper or notice showing an intention to settle a case until November 16th—a period of over six months.

We are of the opinion that the circuit judge was right in holding that by filing his claim of appeal and appeal bond, and giving notice thereof to the opposite party, the relator waived his right to a notice in writing of the entry of the decree. There does not appear to have been any ignorance on the part of relator of the date of the decree. We quote from his notice appearing in the record:

"And now comes the said complainant and hereby claims the benefit of an appeal to the Supreme Court from the decree rendered in this cause by said court on the 17th day of April, A. D. 1911."

The prevailing party, having obtained a final decree, cannot prevent the adverse party from taking an appeal by neglecting or refusing to serve notice of the decree. He might be in possession of important rights or in the enjoyment of valuable property which the bill was filed to recover from him; and if he could prevent an appeal by neglecting or refusing to serve notice of the decree he might hold a perpetual, wrongful possession of property in litigation. The adverse party need not wait for the service of written notice of the filing and entry of the decree described in the rule. He may do as relator did,

begin his appeal forthwith, without waiting for any service upon him. It cannot properly be said to be a premature claim of appeal. Here the final decree had been actually settled, signed, and filed. A premature claim of appeal would be one which was filed before final decree had been signed and filed.

It appears by this record that the statute and rule of court had not been complied with by the relator; and we cannot say that it was an abuse of discretion on the part of respondent to refuse, under the circumstances, to give an extension of time, under the motion of February 27, 1912, which appears to have been the first application made to the court, and that more than nine months after notice of the claim of appeal and taxation of costs.

We have held that an application for an extension of time in which to perfect an appeal is addressed to the sound discretion of the trial court, and that discretion will not be overruled on mandamus, except in case of abuse.

As was said in *Roberge* v. *De Lisle,* 158 Mich., at page 20 (122 N. W. 364):

"While we might not have been disposed to question the exercise of his discretion if the circuit judge had granted this petition on the ground that defendant had been deprived of her appeal because of the default of her solicitors, and without fault on her part (see *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603 [55 N. W. 1021]), it does not follow that the court abused its discretion in denying the application."

*Lake Shore, etc., R. Co.* v. *Branch Circuit Judge,* 116 Mich. 399 (74 N. W. 529); *Carrier* v. *Emmet Circuit Judge,* 155 Mich. 344 (119 N. W. 575).

It will be noted that more then one year had elapsed after the entry of the decree before the petition for mandamus was sworn to. The time in which the circuit judge could act had expired.

Treating the petition as an application to this court for an extension of time, we might make an order, were it not for the fact that this record failed to show any merits

in relator's case; and we should not be asked to grant a dilatory appeal, where there is no showing that the decree of the circuit court was not just, or that justice requires a revision of the case. *Roberge* v. *De Lisle, supra.*

· The writ is denied, with costs to respondent, without prejudice.

MOORE, C. J., and STEERE, McALVAY, BROOKE, OSTRANDER, and BIRD, JJ., concurred.