SMILANSKY *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—SETTLEMENT OF RECORD—BILL OF EXCEPTIONS —TIME—EXTENSION OF TIME.

Where an order granting an extension of time for settling the record was entered by the circuit court under Chancery Rule 37, in order to permit complainant's attorney to prepare amendments to the case proposed by defendant, a showing of the counsel for complainant that he would be engaged in other matters and would not be able to take up the settlement of the record on appeal within the statutory time allowed, was sufficient ground

to sustain the action of the court granting the extension of time; the matter of sufficiency of the showing made being discretionary with the circuit judge.

Mandamus by Louis Smilansky against Alfred J. Murphy, one of the circuit judges for the county of Wayne, to require the respondent to vacate an order extending the time for the preparation of a record on appeal.

*John Miner*, for relator.

*Ralph B. Wilkinson*, for respondent.

KUHN, J. The relator was named as one of three defendants in a bill to foreclose a mechanic's lien. After a hearing before the respondent, a decree was entered in that proceeding in favor of the complainant. the Grace Harbor Lumber Company, and the co-defendants, Ferdinand C. Ortman and Bartlett Supply Company, who had filed cross-bills against the relator. From this decree the relator appealed.

On August 15, 1914, the relator served upon the solicitor for the complainant a copy of his proposed case on appeal, with the stenographer's minutes and original exhibits, and on August 17th served notice of such service of the proposed case upon the solicitors for the cross-complainants. No amendments were prepared to the proposed case within the 30 days allowed by Chancery Rule No. 37, and on September 23d the solicitor for complainant moved the court for an order extending the time for filing and settling the appeal 45 days after September 17th. The reasons given in the motion were:

"(1) The testimony and the case made by the complainant does not contain the final decree entered by the court in said cause.

"(2) It will be impossible to settle the case on appeal unless the time is extended for a period of 45 days.

"(3) That the testimony and the case as settled by the solicitor for the defendant has not been served upon the cross-complainant, Ferdinand C. Ortman, or his solicitor, Eugene S. Clarkson."

At the same time a motion was presented by the solicitor for relator, for an order requiring a return instanter of the case as settled by him, the stenographer's minutes, etc. After taking testimony with reference to the motion of complainant's solicitor, the respondent on September 26th made two orders, one extending the time for settling the claim of appeal to November 4th, the other denying the motion of the relator and requiring the solicitor for the relator to serve on the solicitor for the complainant within 10 days a copy of the findings of fact and the final decree entered in the case. Relator now asks for a writ of mandamus to compel the respondent—

"to vacate and set aside the said order granting an extension of time to the said complainant for the preparation of amendments, for the reason that no proper showing was made for such an extension; and to vacate and set aside the order directing a service of a copy of the opinion called findings of facts, and * * * to sign, settle, and certify the case of your petitioner, Louis Smilansky, in the manner and form as the same has been prepared and submitted."

The complainant having procured the findings of facts at its own expense, and having proposed them as an amendment, we need not consider the propriety of the respondent's order requiring relator to furnish and serve them upon the opposite parties. We are therefore only concerned with the propriety of the court's extending the time for the complainant to prepare amendments, instead of settling and certifying the case prepared by the relator. In his order extending the time for settling the case, respondent gave no reasons for his action. The other order, which denied relator's motion and ordered a service

of the findings of facts and final decree on solicitor for complainant, contains the following recital:

"And it further appearing that at the same time there was presented to this court a motion by complainant asking for an extension of time to prepare amendments to the case made by defendant for reasons in said motion stated, which reasons appeared sufficient and adequate to the court, and an order having been made upon said motion extending such time to prepare amendments to defendant's case as made, to the 4th day of November, 1914."

From this, the relator contends that the court extended the time for settling the case for the reasons heretofore quoted from complainant's motion, and proceeds to attack these reasons, especially the third, regarding the lack of service of the case on solicitor for one of the cross-complainants. Chancery Rule No. 37 provides:

"(b) The person or party desiring to appeal to the Supreme Court shall, within sixty days after service upon him or his solicitor of record of written notice of the filing and entry of the final order or decree sought to be appealed from, serve upon the adverse party or his solicitor of record a copy of the proposed case on appeal, together with the original copies of such exhibits, papers," etc.

"(c) Within thirty days after such service upon him or his solicitor of record, said adverse party or his solicitor of record shall cause to be served upon the party so seeking to appeal or his solicitor of record a copy of such amendments as he proposes," etc.

"(d) The judge * * * shall * * * proceed to consider the matter and to settle and sign said case on appeal: *Provided,* not more than one year from the date of the filing and entry of the final order or decree sought to be appealed from, shall in any case be allowed to take all the steps" required in perfecting the appeal.

"(e) In case of the failure of the adverse party to prepare and serve his amendments to the proposed case on appeal, together with the exhibits and other papers required by this rule to be served in connec-

tion therewith, the judge,  *  *  *  upon its being made to appear by affidavit, or otherwise" that appellant has done all things required, "shall certify and settle the case in the manner and form as proposed by the party seeking to appeal.  *  *  *

"(*h*) The judge  *  *  *  may grant an extension or extensions of the time for making, settling, signing, and filing such case on appeal for such a period, in addition to the time hereinbefore allowed, as shall not make the whole time in which to settle said case exceed one year from and after the filing and entry of the final order or decree sought to be appealed from, but such extensions shall only be granted upon cause shown and due notice to the adverse party or his solicitor of record of the hearing of the application therefor."

From the rule it appears that extensions of time "shall only be granted upon cause shown," and the cause relied upon by solicitor for complainant and considered by the trial judge is shown by the following allegations from the petition for the order to show cause, which are admitted by the answer of the respondent:

"(15) That, on the said 26th day of September, the Grace Harbor Lumber Company was represented on the said motion by Ralph E. Routier,  *  *  * but the said Ralph E. Routier was then and there sworn as to matters in addition to and supplementary to the grounds of the motion set forth in the affidavit attached to and made part of 'Exhibit E,' hereinbefore referred to.

"(16) That the said circuit judge then and there, to wit, on the 26th day of September, 1914, declined to pass upon the motion for the extension of time until a showing was made by Mr. Wilkinson, personally, of his situation and the reasons why he had not prepared his amendments by that date and the reasons why he asked an extension, and directed that such showing be made by affidavit on or before the following Wednesday, September 30, 1914."

"(18) That on Wednesday, September 30, 1914, the matter of the motion for the extension of time

by the said complainant, appellee, coming on to be heard, no affidavit, as required by the direction of the court, was filed, but instead thereof Mr. Ralph B. Wilkinson was sworn and testified orally in support of his said motion, as also the said Mr. Routier, the substance of which showing by Mr. Wilkinson was that he had some other matters which required his immediate attention, and could not give it the time; and, second, that he had requested Mr. Routier to take charge of the matter because the said Routier was more familiar with the testimony, and that just prior to that time he had turned over to the said Routier two other records for the Supreme Court to get out; that the said Wilkinson was absent from the city between August 15th and August 26th; and the said Routier testified orally that he had other matters and did not think he could attend to this one unless the court granted an extension of 45 days. Whereupon the said circuit judge again declared his determination that he would not settle any case which did not embody the said opinion called findings of facts, and he also declared that an extension should be given, that the request was not an unreasonable one, and granted an extension until November 4, 1914."

From the above, in our opinion, it cannot be said or claimed that the respondent relied, in granting the extension of time to solicitor for complainant to prepare amendments, upon all the reasons given in complainant's motion. This is quite apparent from the fact that he required testimony in support of the motion to show diligence on the part of counsel for complainant. In our opinion, the only question which really is before us is whether the respondent abused his discretion in allowing an extension upon the cause shown by solicitors Wilkinson and Routier at the hearing on the motion.

It has been repeatedly announced by this court that an application for an extension of time in which to perfect an appeal is addressed to the sound discretion of the trial court, and that it must be clear

that his discretion has been abused before the determination with reference thereto will be overruled. *Lake Shore, etc., R. Co.* v. *Chambers,* 89 Mich. 5. (50 N. W. 741) ; *Lake Shore, etc., R. Co.* v. *Circuit Judge,* 116 Mich. 399 (74 N. W. 529) ; *Carrier* v. *Circuit Judge,* 155 Mich. 344 (119 N. W. 575) ; *Roberge* v. *De Lisle,* 158 Mich. 16 (122 N. W. 362) ; *Stockwell* v. *Circuit Judge,* 172 Mich. 166 (137 N. W. 525). From an examination of the facts in this case, as herein set forth, we are unable to find any such abuse of discretion on the part of the circuit court as to warrant this court in overruling that discretion.

The writ is denied, with costs to the respondent.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.