### OSTRANDER *v.* ALPENA CIRCUIT JUDGE.

APPEAL AND ERROR—SETTLEMENT OF RECORD—BILL OF EXCEPTIONS—
TIME—EXTENSION—DISCRETION OF COURT.

> The granting or denying of a motion extending the time to settle bills of exceptions or cases on appeal beyond the 80 days granted by Circuit Court Rule No. 66 is discretionary with the circuit court, and in the absence of a showing of an abuse of such discretion the Supreme Court will not interfere.

Mandamus by Lucy Ostrander to compel Frank Emerick, circuit judge of Alpena county, to extend the time for settling a case on appeal. Submitted July 6, 1920. (Calendar No. 29,212.) Writ denied September 30, 1920.

*W. B. Henry,* for plaintiff.

*I. S. Canfield,* for defendant.

MOORE, C. J. Lucy Ostrander was a defendant in a divorce suit. On May 21, 1919, she filed notice of an appeal from the decree made in said suit on the 3d day of May, 1919. Various proceedings were thereafter had. Mrs. Ostrander has brought mandamus to compel the circuit judge to grant her motion of February 9, 1920, to extend the time of settling the testimony in said cause.

The claim of plaintiff as stated in the brief is as follows:

"It is the claim of plaintiff that she and her attorney, W. B. Henry, have done everything that is required of them, and that the reason the testimony prepared for plaintiff prior to July 30, 1919, was never signed was because Mr. Hinks, of Alpena, had an oral understanding with Mr. Canfield, attorney for William H. Ostrander, that they would take the same up at such a time as would be agreeable to both of them, and that Mr. Hinks so understood such agreement, and that the reason he did not act sooner was because he relied upon what he understood to be a verbal agreement with Mr. Canfield."

The return of the circuit judge shows the following:

1. That the final decree was signed and filed May 3, 1919.

2. That defendant (plaintiff here) filed claim of appeal May 21, 1919.

3. That the time to settle the evidence on return to the Supreme Court was extended by order of June 12, 1919, to July 30, 1919.

4. That a settlement of the case on appeal was noticed on July 28, 1919, for July 30, 1919.

5. That plaintiff's attorney returned the proposed case to counsel for the defendant August 27, 1919, with the statement that he had made no proposed amendments to the case because it did not comply with the rule of court and that he would oppose any settlement of it.

6. That said proposed case on appeal was not filed with the clerk of the court until January 19, 1920.

7. That the circuit judge never had the matter of

settling the case on appeal or of the extension of time to do so called to his attention until on January 17, 1920, and then only in an informal way.

8. That a motion was first entered to have the time extended to settle a case on appeal herein on February 9, 1920, and heard and denied February 14, 1920.

9. That said motion was addressed to the sound discretion of the court and denied because it would be an abuse of discretion to grant it.

10. That Frank T. Hinks, residing at Alpena, has been and now is one of the attorneys of record for the defendant from the date of her appearance in the case.

11. That "it was not shown or claimed on behalf of relator that after Mr. Canfield, on August 27, 1919, returned said proposed case to Mr. Hinks with the foregoing assertions, he (Canfield) ever said to any one anything in relation to, or concerning said proposed case or its settlement."

12. That "neither was it shown or claimed that after that day, relator or her counsel ever did anything to procure such settlement until the entry of their said motion on February 9, 1920, or more than five calendar months thereafter."

Counsel for plaintiff cites *Brevoort* v. *Wayne Circuit Judge*, 203 Mich. 388. A reference to that case will show that the circuit judge did not in that case exercise his discretion because he thought he had none. The case is clearly distinguishable from the instant case.

Under Circuit Court Rule No. 66, no more than an aggregate of 80 days' time can be granted in which to settle a case on appeal, "except for good cause shown by affidavit on special motion, after notice to the adverse party." * * *

The following cases decide that the granting of a motion extending the time to settle bills of exceptions or cases on appeal beyond the 80 days granted by Rule 66, or in denying the same, is discretionary with the circuit court and that unless there is shown an abuse of such discretion this court will not interfere.

*Roberge* v. *De Lisle,* 158 Mich. 16, 21; *Stockwell* v. *Eaton Circuit Judge,* 172 Mich. 166, 171; *Smilansky* v. *Wayne Circuit Judge,* 186 Mich. 463, 469.

Without reciting in detail what occurred in the court below, but suggesting that plaintiff's petition does not show that any injustice was done her in the decree that was entered in the divorce case, we shall content ourselves with saying that the record does not show any abuse of discretion.

The application for the writ of mandamus is denied with costs.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.