## LEWIS RENO's Administrator *vs.* HENRY HARPER.

Where a bill is filed against two or more defendants and taken for confessed against one of them, and an amended bill, not in any wise affecting his rights or interests, as fixed by the order *pro confesso*, is afterwards filed in the cause against the other defendants, a decree may be made without giving to the party, against whom the *pro confesso* has been taken, such notice of the filing of the amended bill as is contemplated by the 74th rule of the chancery court, and without an answer from him to such amended bill.

If, however, an amended bill contain charges affecting the rights of a defendant against whom the original bill has been taken for confessed ; or if an answer from him be really necessary ; or if the decree, as to him, is to be founded on the amended bill, he must have the notice required by the rule.

IN error from the superior chancery court; Hon. Robert H. Buckner, chancellor.

The facts of the case are sufficiently stated in the opinion of the court.

*J. F. Foute,* for plaintiff· in error.

*F. Anderson,* for defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

The ground relied on for the reversal of the decree in this case, is an alleged irregularity in bringing the cause to a hearing. This irregularity consists in making the decree, at a time when the amended bill in the case had not been answered, nor any notice of it given to Reno, one of the defendants in the court below, according to the 74th rule of the court of chancery. The original subpœna had been regularly served upon him, and the original bill taken for confessed, before the amended bill was filed.

The record recites, that the final hearing was had in the presence of the counsel of all the parties; but this might not be construed to include Reno, as it does not otherwise appear that he ever had any counsel. No appearance had been entered for him. See *Edwards* v. *Toomer, Gray & Co.*, 14 S. & M. 75.

There is, however, no allegation in the amended bill, which at all bears upon Reno. Its charges were directed against Johnson and the other defendants, who appeared, and who have not appealed from the decree. The only charge which at all affects Reno or his rights, is contained in the original bill. It alleges the transfer by him, for valuable consideration, of the notes and deed of trust, which are the groundwork of the controversy; and that allegation is virtually admitted by the *pro confesso* order, duly taken against him. The filing of the amended bill, at a subsequent period, in nowise interfered with that order. That was one point settled in the cause, and nothing which took place afterwards was calculated to disturb it. Resting upon this basis, the decree was regular and correct as to Reno, and we do not see how it can become otherwise from the filing of an amended bill, containing no additional charge against him, and containing nothing which, whether true or false, at all conflicted with the previous fixed fact, that he had assigned the notes for valuable consideration to the complainant. He could have made no answer in response to the amended bill, which would have controverted this fact. He then had no farther interest in the dispute. His rights had passed to another. If we were to reverse for this error in the proceeding, we could go no farther back than the error. He would still be met with the *pro confesso* order. We see no good, therefore, which could result from the reversal as to Reno, who is the only appellant, and the only one who could complain of this irregularity, unless it be to give him an opportunity to go back far beyond the decree itself, to set aside the *pro confesso* upon the original bill, and thus to re-open the litigation from the commencement, in a case in which the final decree had been executed, before the appeal was taken. To do so, would tend to encourage negligence in the conduct of suits, and to take rights from parties which were fairly

obtained, so far as the record discloses the facts. If injustice has been done him by the *pro confesso*, he has no one to blame but himself.

If the amended bill had contained charges which affected the rights of Reno, or if an answer had been really necessary from him, or if the decree as to him had been founded upon it, then the result might have been different. But as neither of these was the fact, we do not think the irregularity was such as to justify a reversal, when the same decree must again inevitably be rendered, unless an entirely new case could be made by the appellant.

The decree is therefore affirmed.