## Roswell Harris, Jr. v. John Deitrich.

*Equity pleading and practice: Amended bill: Order pro confesso: Process: Rehearing.* On filing an amended bill in equity, adding a new and material averment in a case when the defendant has failed to appear, it is irregular to take an order *pro confesso* on the same day and without serving new process; and this irregularity is sufficient ground for opening a decree founded upon such proceedings, and granting a rehearing.

*Heard and decided May 13.*

Appeal in Chancery from Saginaw Circuit.

This was a foreclosure bill which was filed March 1, 1870. The subpœna was returned personally served on the defendant, March 12, 1870. The defendant did not appear. Complainant's solicitor having died, another was substituted as his solicitor. An amended bill was thereupon filed on

HARRIS v. DEITRICH.

November 23, 1870, adding an averment not contained in the original bill, of a covenant to pay a solicitor's fee of one hundred dollars in case of foreclosure.   On the same day an order *pro confesso* was taken.   A decree of foreclosure was granted, and a sale of the premises afterwards made under the same, to complainant's wife for the sum of eight hundred dollars, leaving a deficiency of six hundred and ninety-six dollars and fifty-four cents; and this sale was confirmed.   The decree ordered that the defendant stand personally liable for any deficiency on the sale.   The defendant afterwards petitioned to have the. proceedings opened and the decree and sale set aside, and for a rehearing, or for leave to file a bill of review.   The petition alleged among other things that the defendant had never been served with process; that the proceedings had been irregular; that the mortgage had by fraud been procured for two hundred dollars more than was actually received upon it; and that the sale was made in violation of an agreement for an extension of time, and was for an inadequate price.   The complainant answered the petition, denying all the material allegations.   The court below denied the relief prayed by the petition, on condition that the complainant should release the personal decree for the deficiency. The complainant complied with the condition.   The defendant appealed.

*William Gillett* and *Camp & Brooks*, for complainant.

*Dillingham & Ransford*, for defendant, were stopped by the court.

THE COURT held, without passing upon the disputed questions of fact, that the taking a *pro confesso* on the same day the amended bill was filed, adding a new and material averment, without serving new process, was irregular, and that the application to open the decree and for a rehearing should have been granted.

Order reversed, with costs, and cause remanded for further proceedings.