WILLIAM T. BOPE v. THOMAS H. FERRIS ET AL.

*Equity practice—Foreclosure—Application for rehearing—Laches.*

In this case a rehearing is held properly denied, and that no relief can be granted now which would not be practically allowing two applications for a rehearing,—one granted and not acted

on, and another a substantial repetition of it,—without a willingness to comply with the practice, and after a longer delay than would support an appeal.

Appeal from Huron.   (Beach, J.)   Argued October 11, 1889.   Decided November 1, 1889.

Defendants Ferris appeal from an order dismissing a petition to set aside decree of foreclosure, and sale thereunder, and for a rehearing.   Proceedings in lower court affirmed.   The facts are stated in the opinion.

*William T. Mitchell, H. L. Chipman* and *William T. Bope, in pro. per.,* for complainant, contended:

1. A rehearing not being a matter of right, the order denying it is not appealable, and, if so, the former order denying substantially the same petition, or granting it on terms and passing on the same matters, and not appealed from, leaves this case within the rule announced in *Hack v. Norris,* 46 Mich. 587. The refusal to open a default is discretionary and not reviewable; citing *Voorhies v. Frisbie,* 25 Mich. 476.

2. The petition for opening and rehearing came too late. The case, by enrollment and lapse of time after final decree, had reached a stage in which it was subject to be opened for re-examination only on bill of review; citing *Maynard v. Pereault,* 30 Mich. 160; and a rehearing precedes (within time for appeal), and a bill of review follows, enrollment; citing *Mickle v. Maxfield,* 42 Mich. 304; *Benedict v. Thompson,* Walk. Ch. 446; *Warner v. Juif,* 38 Mich. 662; *Low v. Mills,* 61 Id. 35.

*H. H. Hoyt,* for defendants Ferris, contended:

1. In cases of this character this Court has decided that it will look closely to the objections to the order for a resale based upon the ground of inadequacy of the price bid; citing *Nugent v. Nugent,* 54 Mich. 559.

CAMPBELL, J.   Under a decree of foreclosure in this cause, the mortgaged premises were sold in April, 1889. Within eight days after the order *nisi* for confirmation, defendants Thomas and Cynthia Ferris filed a petition to set aside the decree, and for a rehearing, and also to set

aside the sale. This was not served until 17 days after the rule was served. No exceptions were filed in any other shape. Counter-proofs were presented, substantially meeting the merits of the petition, and it was dismissed. An appeal is brought to this Court.

The bill was filed in July, 1887, in Huron county, to foreclose a mortgage for $200, made in June, 1884, to complainant and H. L. Chipman, payable in one year,— that is, in June, 1885,—and covers an 80-acre lot. Defendants appeared by counsel, within the proper time, and demanded a copy of the bill, which was duly served. They made default, and an order *pro confesso* was entered in September, 1887. Orders of reference were made, and in February, 1888, the report of amount due was filed, and a decree of sale was made at the same time, allowing sale after July 29, 1888. The property was advertised to be sold September 4, 1888. On August 16, 1888, a petition was filed for rehearing, by Thomas H. Ferris, sworn to also by Cynthia Ferris, accompanied by certificate of two counsel, not previously employed, Messrs. Babcock and Macklem. This petition relied on the assertion that the mortgage was given on the consideration that the mortgagees were to quiet the title to the land, and that they had not done so, but had, since the foreclosure suit was begun, bought up the alleged clouds, and taken assignments of them; that petitioners had employed counsel to answer the bill, and given him the necessary information for an answer, and supposed he would do what was necessary, and that they knew nothing of the decree until the notice of sale was published; that they had been willing and had offered to pay the mortgage whenever the title was cleared. No offer was made in this petition beyond asking the court to open the case on such terms as should be just. On filing this petition, the court, on August 16, 1888, without requiring security, or

imposing any terms, made an *ex parte* order that complainant should show cause on the first day of the next term, and that in the mean time all proceedings be stayed.

The first term thereafter was some time subsequent to the day fixed for sale, and the application was heard in November, and held over for decision till January, 1889. On January 10, 1889, the court held that the proceedings should be confirmed and sale made, unless defendants should within 10 days answer, and pay the taxed costs, amounting to $29.70, and deposit the amount reported due with the register, being $298.47, to abide the event of the suit; and that, if these conditions were complied with, the case should stand for hearing at the March term. Nothing was done by defendants to comply with this order, and on proof of default an order was made January 29, 1889, affirming the previous decree. On February 18, 1889, a new notice of sale was published, and on April 16, 1889, the premises were offered to the highest bidder, and sold to complainant for $348.92. The commissioner reported that he first offered for sale the south 40 acres of the 80 acres, and that Ferris and Nichols protested against dividing the land, and no bids were made on the 40. He then sold the whole premises, and complainant was the highest bidder. This sale was reported, and report filed, April 16, 1889. On May 8, 1889, the order *nisi* was entered, and May 9 it was served.

On May 14, 1889, the petition now before us was filed, but not served till May 26. It was signed by a new solicitor, not before in the case. It sets up chiefly matters existing, and most of them relied on, in the former petition against the decree itself, and gives no tangible reason why the deposit was not made, and asks that, if a deposit is now required as a condition of letting in the defense, complainant be required at the time of making

it to release all claims to the land, as petitioners cannot otherwise raise the money, and will lose land worth $1,800. It further shows that Cynthia Ferris has filed a bill for relief in the premises, and that such relief is necessary to save defendants' rights; that before the last sale defendants tried to get money from Peter Post, who promised to advance it, but failed to do so, and they did not know he would not till just before the sale, and claim he did not by reason of talk with persons in Bope's interest; that the property is worth $1,800, and, if the title were clear, would sell for $1,600. The petition is to set aside the sale and decree, and for leave to defend· An affidavit of H. H. Hoyt is appended, offering, if the land is again offered for sale, to bid $600, subject to any claims existing April 16, 1889. This application was denied.

It is hardly necessary to say that, under the rules relating to rehearings, the circuit court went to a great extreme in allowing the rehearing at all, and could not have done so without the deposit required. The original petition set up both ability and willingness to advance the money, and no reason whatever is given why it was not done. When the last petition was filed there was nothing shown of any consequence which was new or unknown originally, and there had been a new confirmation of the old decree, made more than five months previously. No reason was given why it was not made earlier. It was certainly beyond any power of the circuit court to allow a rehearing after this lapse of time; and, furthermore, the offer to make the deposit was practically on condition that complainant should in advance release rights which the petition proposed to introduce into the litigation. It also appeared that Cynthia Ferris had commenced an independent suit in equity for the same purpose.

The rehearing was properly denied. The application to open the sale was made subsidiary to it, and no reason is given which is of weight. Ferris and Nichols attended the sale, and interfered to prevent a sale in parcels, while they did not otherwise object to it, or ask a postponement. It is quite likely that they may have damaged the sale, but this does not appear. The bill filed by Cynthia Ferris would prevent her from complaining, as she seems to expect relief under it. But no relief can be granted now which would not be practically allowing two applications on the same ground for a rehearing,— one granted and not acted on, and another a substantial repetition of it,—without a willingness to comply with the practice, and after a longer delay than would support an appeal. There is not the least evidence of unfairness at the sale, and Mr. Post denies the charges of his colluding with complainant. He shows that he never was applied to until a few days before the sale, and was not supplied with evidence that he could advance the money safely, and made no agreement about it. Ferris and Nichols, by their conduct at the sale, influenced its being made as it was; and it was fairly made.

In our opinion there is nothing to justify us in opening this litigation. The facts, if we were to pass on them, are practically explained in such a way as to show the defense is not as alleged, and that defendants have been responsible for any loss they have suffered, if any has been suffered. They have thrown away such opportunities as were very liberally given them, and cannot be allowed to experiment indefinitely with the course of justice. Complainant has been put to great expense in advancing money and services for them, and they have re-imbursed nothing, and have put him to expense largely beyond any taxable costs besides. We do not feel disposed to interfere with the decree below, where the

circuit judge, if he erred at all, did so against complainant's rights under the course of practice.

The proceedings are affirmed.

The other Justices concurred.