MURPHY *v.* SCHODER.

BILL OF REVIEW—WHEN LIES.

*1. The failure to take an appeal is no ground for the support of a bill of review.

2. On the facts stated, no case was made for a bill of review.

Appeal from Calhoun; Smith, J. Submitted April 19, 1901. Decided May 7, 1901.

Bill by Edward Murphy against William Schoder and Kate Schoder to set aside certain deeds. The bill was dismissed, and, from an order denying his petition for leave to file a bill of review, complainant appeals. Affirmed.

*John F. Henigan*, for complainant.

*F. W. Clapp*, for defendants.

GRANT, J. Complainant has appealed from an order denying him leave to file a bill of review. He filed his bill in June, 1896, to set aside three deeds made by him,— one to defendant William, and the others to defendant Kate, who is his sister. He filed an amended bill in January, 1897. He was 29 years of age when the deeds were made. The basis of his claim is that he was an habitual drunkard, incapacitated to do business; that defendants

---

* Head-notes by GRANT, J.

knew this, and fraudulently secured these deeds without full consideration. The case was heard upon pleadings and proofs in open court, and the bill dismissed; the court finding that the defendants paid all that the property was worth, and that there was no fraud in their dealings with him. The sole ground now presented by his counsel for the reversal of the order of the court below is that he was deprived of his legal and statutory right to have his case reviewed in this court by the fact that Mr. Mains, one of his solicitors, was arrested on a criminal charge just after the decree was entered, and that complainant himself was also arrested and detained as a witness from July, 1898, to January, 1899.

There is no force in the claim. Mr. Mains was detained in prison but a few days, and complainant was allowed several times, while in prison at Marshall, to go to Battle Creek and to Albion to see about his case; was also given the liberty of the city of Marshall, the county seat; and was allowed full freedom to correspond on his business matters. All that was done was to file a claim for an appeal, and present a bond conceded to be invalid. It does not appear that complainant ordered a transcript of the evidence, or applied for an order extending time to settle the case. The failure to take an appeal is no ground for the support of a bill of review. Aside from this, complainant has failed to make a case which, even in a court of law, would be sufficient ground for granting a new trial.

Order affirmed, with costs.

The other Justices concurred.