## THOMAS F. PATTERSON *vs.* MARY P. PATTERSON.

Suffolk.     November 18, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Husband and Wife. Superior Court. Marriage and Divorce. Jurisdiction. Equity Jurisdiction,* Equitable replevin, In divorce proceedings. *Equity Pleading and Practice,* Decree.

A wife, with the knowledge and consent of her husband, signed in her own name with a dealer in furniture a lease or contract of conditional sale which purported to convey certain furniture to her, and caused the furniture to be delivered by the dealer to her at the house occupied as a home by her and her husband, where it was used by them jointly. The instalments due under the contract were paid to the dealer, sometimes by her and sometimes by her husband, such payments as she made being in part from funds given to her by her husband, in part from money received from the letting of rooms in the house they jointly occupied, and in part from money which she herself earned. Subsequently the husband procured a divorce from the wife and refused to deliver the property to her. *Held,* that, in a suit in equity brought by the wife to gain possession of the property, a finding that the property was hers, apart from her husband, would be warranted.

The Superior Court has no jurisdiction to entertain, in a divorce proceeding in which a husband is seeking a divorce on the ground of the wife's adultery, a petition by the wife seeking to compel the husband to deliver to her personal property which she alleges to be hers, but which he refuses to deliver to her and prevents her from reaching by process of replevin or other process of law.

The jurisdiction in equity in matters connected with libels for divorce when the course of proceeding is not specially prescribed, granted to the Superior Court by R. L. c. 152, § 29, includes only such controversies as are a part of, or incidental to, suits for divorce, and does not include a controversy between the libellant and the libellee in a divorce libel, involving the question as to which of them is entitled to certain personal property purchased by the wife in her own name with the knowledge and consent of her husband, used by them in their home and paid for from money of both of them, the dispute being one which has no direct connection with the proceedings for divorce nor with conditions resulting therefrom.

R. L. c. 152, § 23, which, although it gives to the Superior Court power, when a divorce has been granted to a husband on the ground of his wife's adultery, to make a provision from her sole and separate property for the maintenance of children in the custody of the husband and secures to her the remainder of her

separate property, does not give the court jurisdiction to entertain a petition by the wife to compel the husband to deliver to her property which she alleges is hers but which he refuses to deliver to her.

In divorce proceedings in which a husband sought a divorce on the ground of adultery of his wife, the wife filed a petition seeking to compel the husband to deliver to her certain personal property, alleging that the property was hers, that he refused to deliver it to her and that she could not reach it by a process of replevin or other process of law. There was a joinder of issue and, after the husband had been granted a divorce, there was a reference to a master who found that the property was the wife's and that the husband should deliver it to her, and a decree of the Superior Court was made to that effect. On appeal by the respondent, it was *held*, that the decree should be reversed because the Superior Court in the divorce proceedings had no jurisdiction of the matter, but that the case should be remitted to the Superior Court to give the petitioner an opportunity to amend the petition into a bill in equity under R. L. c. 159, § 6.

PETITION, filed on December 19, 1906, by the libellee in a divorce proceeding begun on December 5, 1906, in the Superior Court for the county of Suffolk, seeking to compel the libellant to return to her certain specified personal property alleged to be hers but to be unlawfully detained and concealed by him so that it could not be reached to be taken by replevin or other process of law. The respondent filed an answer and the petitioner a replication.

The divorce proceedings, in which the petition was filed, were instituted by the husband, the respondent in the petition, he charging the libellee, petitioner herein, with adultery. A decree *nisi* was granted to the libellant on March 25, 1907.

On April 12, 1907, the petition was referred to a master, who filed a report in which he found that the allegations of the petition were sustained as to goods hereinafter referred to as purchased upon leases or contracts of conditional sale and as articles given to the petitioner by relatives and friends; but that, as to certain presents by the respondent to the petitioner, and as to a piano, the allegations of the petition were not sustained. The petitioner was satisfied with the report, but the respondent alleged exceptions which will hereinafter be referred to.

According to the findings of the master, while the petitioner and the respondent were living together as husband and wife, she, with his knowledge and approval, went to various business concerns who sold household furnishings on credit, selected various articles, signed in her own name with each dealer a lease or agreement of conditional sale made out to her, and had the

goods delivered to her at the house occupied by herself and the petitioner. Both parties made payments under the agreements of conditional sale. Such payments as were made by the petitioner were made in part out of money given to her by the respondent each week out of his wages, in part from money which she herself earned, and in part from money which she received from letting rooms in the residence they occupied. Accordingly the master found and ruled as a matter of law, "that, in respect to all the articles of furniture which were purchased upon leases or agreements of conditional sale, credit was given to the petitioner and the legal title passed absolutely to and has since then remained and is now in her, and there is no evidence sufficient to rebut the presumption at law that, by knowing and permitting the said lease to be executed and delivered, and the furniture specified therein to be purchased and delivered in the name of the petitioner, the respondent intended to make a provision for the benefit of the petitioner in so far as payments were made either by the respondent personally out of his own earnings or by the petitioner personally out of money received from the respondent or from the letting of rooms in the residence of the said parties." The master also found, with regard to a second group of articles claimed by the petitioner, that they had been given to her at various times by relatives and friends and that they were her property.

The respondent filed several requests for rulings, objections and the following exceptions to the master's report:

1. To the refusal of the master to rule that, even though a wife who is living with her husband purchases furniture and necessaries in her own name, the husband is liable for them.

2. To the refusal of the master to rule that, as a matter of law, it is a presumption that a wife contracts for household furniture and necessaries for the home as the agent of the husband, and the burden of proof rests upon the party denying such agency.

3. To the refusal of the master to rule that the burden of proof was on the petitioner to prove that furniture and necessaries purchased for the home during the continuance of the marriage relation were purchased on her individual credit and paid for out of her individual earnings.

4. To the refusal of the master to rule that no effectual valid

gift by a husband to a wife can be proved where the husband retained the beneficial use of the articles alleged to have been given.

5. To the refusal of the master to rule that, as a matter of law, no valid gift can be made direct from a husband to his wife except of articles of wearing apparel or personal adornment.

6. To the refusal of the master to rule that, as a matter of law, the husband may at any time during the continuance of the marriage relation take possession of and convert to his own use such personal property of the wife as is capable of being reduced to possession.

7. To the refusal of the master to rule that the possession of the furniture in dispute by the husband during the marriage relation and his claims of ownership of it and refusal to deliver up to the wife constituted a valid reduction of any interest the wife may have possessed to the possession of the husband and the petitioner cannot recover.

8. To the refusal of the master to rule that, upon all the allegations in this petition, as a matter of law, the petitioner being the wife of Thomas F. Patterson, cannot maintain the petition against him.

9. To the refusal of the Master to rule that, if the wife received money from her husband for the purpose of purchasing furniture or other household necessaries, it is a presumption of law that the furniture or household necessaries so purchased were paid for out of the funds supplied by the husband, and the burden of the proof is on the wife to establish actual payment out of her own funds in case she claims individual ownership.

10. To the refusal of the master to rule that the petitioner, in order to sustain the burden of proof to support her claim that she purchased the property in dispute with her own individual earnings, must show by affirmative proof that she applied her husband's funds faithfully to the purposes to which he gave them, and that none of his money was available or was used for the purchase of the property in dispute.

11. To the refusal of the master to rule that, at common law, the husband is the owner of household furniture and other fixtures incidental to the use and occupation of his home, and evidence as to whether he claimed or exercised authority over them

is immaterial; but the petitioner, claiming a title in derogation of the husband's, must produce affirmative proof showing affirmatively that she claimed authority in them and that the husband assented to such claim.

12. To the refusal of the master to rule that evidence of property left in the home by the husband during a temporary quarrel and separation of two weeks' duration is immaterial and cannot be considered as evidence of ownership when a question of the title to the property is to be determined, the parties having resumed their marriage relation and lived together for four years after the temporary abandonment.

13. To the master's finding and ruling upon the facts set out in his report that the petitioner was the owner of the property purchased under leases or agreements of conditional sale, whereas, upon the facts reported, he should have found that the respondent was the owner of all or a part of said property.

14. To the master's ruling that, upon the facts found by him, it is "the presumption" at law that, by knowing and permitting the said leases to be executed and delivered and the furniture specified therein to be purchased and delivered in the name of the petitioner, the respondent intended to make a provision for the benefit of the petitioner.

15. To the refusal of the master to find and report that the petitioner spent more or less of her income on wearing apparel and other personal expenses.

The case was heard upon the master's report and the respondent's exception thereto by *Gaskill*, J., who overruled the exceptions, confirmed the report and directed the respondent to return to the petitioner the property to which the master had found she was entitled. The respondent appealed.

*H. J. Jaquith*, for the libellant, respondent.

*P. G. Bolster*, for the libellee, petitioner, submitted a brief.

KNOWLTON, C. J. Most of the defendant's exceptions to the master's report relate to the title to the property. Many of the important articles were claimed by the petitioner under leases in writing, which were also conditional sales, made to her by shopkeepers. The fact that these conveyances were made directly to her, in her name, with the knowledge and consent of her husband, with nothing to control or affect the legal presumption

from such conveyances, except the fact that her husband furnished her a large part of the money to pay for the goods, while she furnished the rest, and the further fact that they were bought to be used and were used in the family, warranted, if it did not require the master's finding that they became the petitioner's separate property. *Edgerly* v. *Edgerly*, 112 Mass. 175. *Cormerais* v. *Wesselhoeft*, 114 Mass. 550. *McCowan* v. *Donaldson*, 128 Mass. 169. *Libby* v. *Chase*, 117 Mass. 105. The facts found by the master render immaterial or inapplicable most of the requests for rulings and the exceptions founded upon them which relate to this part of the property. The requests ignore the changes in our law wrought by the statutes giving married women rights to acquire and control property as if they were sole, except that they cannot contract with their husbands. These considerations dispose of the first, second, third, sixth, seventh, ninth, tenth, eleventh and fourteenth exceptions. The fourth and fifth exceptions, which relate to gifts from a husband to a wife, are inapplicable, as the master found that no such gifts were made. There is nothing in the report to which the twelfth exception is applicable. The thirteenth exception is covered by what we have said in reference to the others. The fifteenth is immaterial.

The important question in the case is raised by the appeal from the final decree, and perhaps by the eighth exception also. It relates to the jurisdiction of the court to grant relief on this petition. Upon the finding of the master that the property belongs to the petitioner, and the admission in the answer that it is held and detained by the respondent against her will, there is no doubt that a court of equity, upon a bill brought by the wife against her husband, might grant her relief. *Frankel* v. *Frankel*, 173 Mass. 214. *Lombard* v. *Morse*, 155 Mass. 136. This is a petition brought by the libellee against the libellant, in connection with proceedings in which a decree of divorce *nisi* on the ground of adultery has been entered in favor of the husband against the libellee. If the fact that libels for divorce are brought on the law side of the court, or the contention that this petition is not properly incidental to proceedings for divorce, leaves the court without jurisdiction to give relief in this form, it is competent for this court to reverse the decree and remit the case to

the Superior Court, to give the petitioner an opportunity, if she is so advised, to move to amend the petition into a bill of equity, under the R. L. c. 159, § 6.

Under the R. L. c. 152, § 29, the Superior Court has jurisdiction in equity in matters connected with libels for divorce where the course of proceeding is not specially prescribed. But this jurisdiction includes only such controversies as are a part of, or incidental to, suits for divorce. It does not include disputes which have no direct connection with proceedings for divorce, or with conditions resulting from these proceedings.

The only provision under which it fairly can be contended that the court can proceed upon this petition, filed in a suit brought to obtain a divorce, is § 23 of this chapter. But this is not intended to apply to controversies between husband and wife in regard to the ownership of property. It enables the court to make a provision from a wife's sole and separate property for the maintenance of children in the custody of the husband, when a divorce has been granted on the ground of her adultery, and it secures to her the remainder of her separate property, which formerly enured to the benefit of her husband, after a divorce granted for this cause. We are of opinion that it gives the court no jurisdiction to act upon a petition like the present.

The decree must be reversed and the case remitted to the Superior Court, where it will be open to the petitioner to move to amend her petition into a bill in equity, if she is so advised.

*Ordered accordingly.*