PERKINS v. PERKINS.

1. APPEAL AND ERROR—REHEARING—FINAL ORDER.
    In equity an appeal lies from an order denying defendant's motion for a rehearing, and a motion to dismiss is denied, on the ground that the order is final.

2. EQUITY—PRACTICE—REHEARING.
    The court will be slow to grant a motion for rehearing in a case in which the time for taking an appeal has been allowed to pass before it was filed. Where the mover has lost his appeal by inexcusable laches such motion should not be granted for objections or reasons that relate to errors committed at the hearing or in the final determination of the case.

3. SAME—MOTIONS—IMPEACHMENT.
    No abuse of the discretion vested in the trial court was made out in the denial of a motion for rehearing alleging newly discovered evidence that consisted of annotations and memoranda made upon certain trial balance sheets by an important witness for the appellee: the effect of discrediting his testimony not being likely to change the result.

Appeal from Kent; Connine, J., presiding. Submitted January 23, 1914. (Docket No. 84.) Decided June 1, 1914. Rehearing denied June 23, 1914.

Bill by Frederick L. Perkins, as executor of the estate of Harriet M. Perkins, deceased, against Willis J. Perkins and others. From an order denying a motion for rehearing of the defendant named, he appeals. Affirmed.

*Martin H. Carmody* and *Roger I. Wykes,* for appellant.

*A. C. Hindman, Myron H. Walker,* and *W. F. Keeney,* for appellee.

PER CURIAM. The bill in this cause was filed in December, 1901. A final decree was entered in the circuit court March 29, 1910. The decree was not enrolled until September 16, 1913. Something was done towards reviewing the case in this court; an attempted appeal being dismissed, on motion, March 12, 1913. *Perkins* v. *Perkins,* 173 Mich. 690 (140 N. W. 161). Pending the decision of the motion to dismiss the appeal, a motion was made for a rehearing. The reasons asserted were:

(1) That the conclusions of the court, evidenced in the written opinion and decree, were wrong—these involved a reargument of the cause upon its merits; (2) the possibility that no appeal would be permitted; (3) new evidence.

An order was entered September 16, 1913, denying a rehearing. From this order defendant appealed. A motion was made to dismiss this appeal and was heard at the January, 1914, term of this court, without formally deciding which an argument upon the merits of the motion for a rehearing was ordered and has been presented. The order denying the rehearing was final and appealable, and the motion to dis-

miss the appeal is denied. *Frieseke* v. *Frieseke,* 138 Mich. 458 (101 N. W. 632) ; *Bope* v. *Ferris,* 77 Mich. 299 (43 N. W. 874) ; *Harris* v. *Deitrich,* 29 Mich. 366. To these authorities may be added those which hold that an order refusing leave to file a bill of review is, final and appealable.

The question now presented is whether such abuse of discretion by the trial judge is shown as to require a reversal of his order denying a rehearing. It was said in *Simmons* v. *Conklin,* 129 Mich. 190, 192 (88 N. W. 625, 626) :

"The court will be slow to grant a petition for leave to file a bill of review in a case where the time for taking an appeal has been allowed to pass before filing it."

In *Murphy* v. *Schoder,* 126 Mich. 607 (85 N. W. 1080), it was said that failure to take an appeal is not ground for leave to file a bill of review. See, also, *Roberge* v. *De Lisle,* 158 Mich. 16 (122 N. W. 362).

We think it apparent that the motion for rehearing is used as a substitute for an appeal which the mover lost through unexcused and inexcusable laches. In so far as reasons for a rehearing are based upon errors committed upon the trial, they and the arguments used to support them are not different from those which might be presented by the losing party in any suit. They are to the effect that the trial judge should have reached other conclusions.

The alleged newly discovered evidence is certain trial balance sheets, or, rather, certain annotations and memoranda made upon trial balance sheets by Frederick L. Perkins, an important witness for complainant and at one time bookkeeper for appellant. It appears that a searching examination into and analysis of appellant's business affairs during a period of years was made. Appellant's financial condition, and whether he was making or losing money during

the period, were in issue. No reasonable excuse is offered for failure to discover, among appellant's books and papers, whatever was of value as evidence. What the books showed, and not what conclusions some one drew from them or some part of them, was the material thing. And the details of the business were, it would appear, examined critically. It is said the newly discovered memoranda tend to impeach the witness Frederick L. Perkins and to discredit his testimony upon material points; to show that he possessed knowledge and information which he denied. If this were true, and the evidence admitted, the effect of it upon the result is not at all clear. The trial judge was not moved by the showing made; the reasons were not satisfactory. Chancery Rule 27. He discussed, in a short opinion which appears in the record, and discussed only, whether the fact that an appeal had been lost was good reason for granting a rehearing.

We find no abuse of discretion made out, and therefore affirm the order appealed from, with costs to appellee.