BARNARD v. JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

INDICTMENT AND INFORMATION—MOTION TO QUASH—SCOPE OF INQUIRY.

A motion may be made in the trial court, before the jury is sworn, to dismiss criminal proceedings originating before a police magistrate on the ground that the preliminary examination fails to show that a crime has been committed or that there is probable cause to believe that the respondent is guilty, and upon such a motion the court will consider the evidence adduced before the magistrate and pass upon the propriety of his determination.

Mandamus by Edward N. Barnard, prosecuting attorney of Kent county, to compel Major L. Dunham, judge of the superior court of Grand Rapids, to vacate

an order dismissing certain criminal proceedings. Submitted June 12, 1917. (Calendar No. 27,704.) Writ denied December 27, 1917.

*Edward N. Barnard* and *Cornelius Hoffius*, Prosecuting Attorneys, and *William K. Clute* and *Fred P. Geib*, Assistant Prosecuting Attorneys, for plaintiff.

*Myron H. Walker* (*Butterfield & Keeney*, of counsel), for defendant.

PER CURIAM. Mandamus is sought to compel the judge of the superior court of the city of Grand Rapids to vacate an order heretofore entered dismissing criminal proceedings instituted by the people against Frederick L. Perkins on the charge of perjury.

From the petition herein filed it appears that on September 24, 1915, complaint was made against Frederick L. Perkins, charging him with the crime of perjury, and a warrant was issued thereon. Upon arraignment the defendant demanded an examination, which subsequently took place. Upon such examination, the complaining witness and other witnesses were called and gave evidence which it is claimed sustained the charges of the complaint and warrant, and a large amount of record, documentary, and other written evidence was produced and introduced, the police judge before whom the examination took place certified that the crime of perjury had been committed, and that there was reasonable cause to believe that the defendant, Frederick L. Perkins, was guilty thereof, and bound him over to the superior court of that city for trial. On the same day an information was filed against Frederick L. Perkins by the prosecuting attorney of Kent county, charging him with the crime of perjury, and thereafter, on January 29, 1916, defendant moved to dismiss the proceedings for the following reasons:

"*First.* Because it does not appear from the examination in this cause that any such crime was committed as that charged in the complaint.

"*Second.* Because it does not appear from the evidence adduced on the examination of respondent before the magistrate that there is probable cause to believe the respondent guilty of the crime of perjury as charged in said complaint.

"*Third.* Because from the evidence adduced on examination before the magistrate, it does appear that there is no probable cause to believe the respondent guilty of the crime committed as charged in the complaint.

"*Fourth.* Because there is no just foundation for the prosecution of this cause, and the further prosecution thereof is not consistent with the ends of justice."

Upon the hearing of this motion, Judge Dunham, of the superior court, found the grounds of said motion to be well taken, and made the order that is now attacked, granting the motion to dismiss and discharging the defendant, the court having come to the conclusion that the evidence taken on the examination does not disclose that the offense of perjury was committed, and does not show, or tend to show, that there was probable cause to believe that the respondent was guilty as charged. No further steps were taken by the people until nine months later, when the present petition for writ of mandamus was filed.

The first contention of counsel for the petitioner which demands consideration is that the act of the police magistrate in finding that there is probable cause to believe that the respondent has committed a crime as charged will not be reviewed by the superior court on the motion to dismiss or quash the information; in other words, it is claimed that the action of the magistrate upon this question is final and cannot be reviewed. Authorities are cited in the brief to sustain this contention, and it is argued that this is

the rule established by the Michigan cases. We think it is unnecessary to discuss in detail the Michigan cases to which counsel refer, as we are convinced that an examination of the Michigan authorities will justify the conclusion that a motion to quash the complaint or dismiss the cause, because the examination fails to show that a crime has been committed or that there is probable cause to believe that the respondent is guilty, is properly made, and is timely if submitted before the jury is sworn in the trial court, and that upon such a motion the court will consider the evidence adduced before the magistrate and pass upon the propriety of his determination. We have held, however, that it comes too late if interposed after the plea and when respondent has already been placed in jeopardy. See *People* v. *Brott*, 163 Mich. 150 (178 N. W. 236) ; *People* v. *Davis*, 171 Mich. 241 (137 N. W. 61). In the late case of *People* v. *Auerbach*, 176 Mich. 23 (141 N. W. 869, Am. & Eng. Ann. Cas. 1915B, 557), a motion was made to quash the information for reasons analogous to those here assigned. This court in that case disposed of the motion on its merits, and Mr. Justice STONE, speaking for the court, said:

"We have examined the record relating to the examination before the magistrate, and are unable to agree with respondent's counsel that, as a matter of law, we should say there was not sufficient evidence to hold the respondent for trial. The evidence before the magistrate was substantially the same as upon the trial. The circumstances surrounding the case, in the very nature of things, were themselves peculiar and unusual. Circumstances testified to by witnesses as to subsequent conversation and conduct of the respondent, some of which, it was claimed, showed evidence of a desire to keep the matter of the death of Fisher secret and to avoid publicity, the evidence of the experiments, all of these facts taken together, we think, justified the magistrate in holding the respond-

ent for trial; and we do not think that the court erred in overruling the motion to quash the information."

In *People* v. *Davis, supra,* the point decided is stated in the headnote thus:

"After a jury had been sworn in a criminal action for keeping open respondent's saloon on Sunday, it was too late to raise the objection that the prosecution had offered no evidence before the examining justice to show that defendant was a saloon keeper, or had filed the statutory bond, or had secured a liquor dealer's license.

"The question should have been raised by motion to quash before the accused had been placed in jeopardy."

In this opinion the language of Justice HOOKER in *People* v. *Brott, supra,* is quoted:

"The motion to quash for want of testimony before the justice on the examination was properly overruled. Upon that question also the magistrate was permitted to act without his attention being called to this claim, which was first raised at circuit after the jury was sworn, and when a discharge on a technical point might be final, by reason of defendant's having been in jeopardy."

Our attention has been called to no Michigan case, nor have we been able to find one, which questions the propriety of such practice, and we are of the opinion that it was the duty of the judge of the superior court to pass upon the questions raised by the motion to dismiss.

The perjury is alleged to have been committed on January 10, 1910, when Frederick L. Perkins was testifying as a witness in the chancery case of *Frederick L. Perkins, Executor,* v. *Willis J. Perkins et al.,* then being heard before Hon. Main J. Connine, circuit judge, in the circuit court for the county of Kent. The charges of perjury are eight in number, and they are grouped for purposes of argument in the brief of

respondent into two classes: (1) The first four charges relate to testimony respecting the knowledge of Fred of the financial condition of his brother Willis; (2) The remaining charges relate to the keeping of a private ledger and the balancing figure to be obtained therefrom.

This prosecution was instigated and the complaint made by Willis J. Perkins, a brother of the respondent. Several phases of this unfortunate litigation have reached this court, and are found reported in *Perkins* v. *Perkins,* 173 Mich. 690 (140 N. W. 161), and *Perkins* v. *Perkins,* 181 Mich. 166 (147 N. W. 555).

The learned judge of the superior court has filed a lengthy opinion, in which he carefully reviewed the various charges of perjury, and in his conclusion says:

"In my judgment, the evidence in police court does not show the offense of perjury committed, and that, taking the entire testimony upon that examination altogether, it is insufficient upon which to base an information in this court against the respondent.

"Upon this motion it is my duty to determine as a matter of law from the whole evidence produced upon that examination whether the facts evidence the commission of a crime and the evidence upon that examination does not disclose that any crime was committed. This being so, the act of the judge of the police court, in my judgment, in determining that the offense charged in the complaint had been committed and that there was probable cause to believe the respondent guilty thereof, was wholly without jurisdiction.

"It is to be regretted that this action was brought at all, and still more to be regretted that respondent was bound over to this court upon that testimony. From the testimony of the complaining witness it is clearly evident that he was actuated by a most strong prejudice against his brother, the respondent, and this is evidenced by the testimony of Willis J. Perkins upon that examination" (quoting from testimony).

It would not serve any good purpose to attempt in

this opinion to review the testimony, and for the purpose of this decision it is sufficient to say that we have carefully examined the testimony relied upon by the prosecution to sustain their claims that there was sufficient evidence to warrant the action of the examining magistrate, and we are of the opinion that the action of the judge of the superior court was fully warranted in holding that there was no evidence tending to show that the crime of perjury had been committed or that there was probable cause to believe the respondent guilty thereof.

The judge of the superior court acted properly in granting the motion to dismiss upon this record, and the application for writ of mandamus is denied.