ELMER R. MACKENZIE *vs.* ELIZABETH R. MACKENZIE.

Bristol.   March 6, 1940. — June 24, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Husband and Wife.   Personal Property,* Ownership.

Findings by a master in a suit of equitable replevin of an automobile by a husband against his wife, that the husband furnished practically all of the purchase price of the automobile, that with the wife's acquiescence he received a bill of sale thereof in his name, and that the automobile was used by both of them, warranted a finding of title in him although the wife procured registration in her name and, in accordance with an understanding between them, made substantial weekly payments from her earnings to him which he applied on a loan which he had obtained from a third party for use in the purchase, there being no finding that she was to receive any equitable interest in return for such payments.

BILL IN EQUITY, filed in the Superior Court on April 7, 1939.

A decree for the plaintiff was entered by order of *Morton,* J. The defendant appealed.

*J. F. Francis,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

DOLAN, J.   In this suit in equity the plaintiff seeks to compel the defendant to surrender to him possession of an automobile of which, he alleges, he is the owner. The de-

fendant in her answer asserts that she is the owner of the vehicle. The suit was begun on April 7, 1939. The plaintiff and defendant were married in March, 1936, and lived together until November, 1938. On March 15, 1939, the defendant obtained a decree *nisi* of divorce. Jurisdiction in equity exists of conflicting rights of husband and wife concerning property. *Patterson* v. *Patterson*, 197 Mass. 112, 117. *Druker* v. *Druker*, 268 Mass. 334, 338. *Weidman* v. *Weidman*, 274 Mass. 118, 122.

The case was referred to a master whose findings in addition to facts already stated are as follows: In May, 1938, the plaintiff arranged to purchase the automobile in question from one Suddard, of Wareham, for $700 "cash." The vehicle was delivered in June with dealer's plates upon it. The plaintiff obtained a loan of $400 from a telephone workers' credit union on "his telephone stock"; at that time he had on deposit the sum of $294.10, of which he withdrew $250, making a total of $650 derived from these sources; and the defendant withdrew a bank deposit of $50 (a wedding present to the plaintiff and the defendant). Thus the purchase price of the automobile was made up. In June the defendant drove the vehicle to Hyannis where the plaintiff was employed, taking with her a "box in which the plaintiff kept his valuables." The plaintiff took the sum of $700 "in cash and check from the box and handed it to the defendant." The latter went to the seller, Suddard, and he "delivered to the plaintiff [*sic*] a bill of sale of the automobile" in the plaintiff's name. The defendant registered and insured the automobile in her own name.

"The plaintiff and the defendant were both working, the plaintiff receiving $36 per week in wages . . . the amount received by the defendant being uncertain. The loan which the plaintiff . . . [obtained] was to be repaid at the rate of $8 per week. The defendant paid to the plaintiff out of her earnings the sum of $8 per week until they separated in November, 1938, which sums were applied to the payment of the plaintiff's loan except for two weeks when the defendant was on vacation and received no wages. In this way the defendant paid to the plaintiff the sum of $184 and gave to the

plaintiff the further sum of $15 which went toward the registration and insurance on the automobile, so that the total amount including weekly payments, the $50 wedding present and the $15 payment paid by the defendant to the plaintiff was the sum of $249. From June to November, 1938, the automobile was used jointly by the parties, each having a set of keys, the plaintiff using the car on Saturdays and Sundays and two weeks during his vacation and the defendant using the automobile at other times. The certificate of registration was kept in a container attached to the steering wheel and the plaintiff knew that the automobile was registered in the defendant's name. In November, 1938, the parties separated and the automobile was then in the possession of the defendant. Between that time and Christmas of 1938 the plaintiff asked for the car and took possession of it for a period of about three days after which he returned it to the defendant. The defendant asked for the plaintiff's keys and he refused to give them to her whereupon she threw her set of keys at him. However, the defendant retained possession of the automobile which has been in the New Bedford Storage Warehouse since January 1, 1939, and has not been registered in the current year."

The master further found that it was the intention of the parties that the defendant should continue to pay the sum of $8 a week to the plaintiff, during such time as she worked, and that these payments were to be used by him toward the repayment of the loan of $400 secured by him, and that there was no actual gift of the automobile by the plaintiff to the defendant.

An interlocutory decree was entered overruling the defendant's exceptions to, and confirming, the report of the master. A final decree was entered ordering the defendant to surrender the automobile to the plaintiff. The defendant appealed from these decrees.

The findings of the master are not stated to have been inferences only from subsidiary findings; they apparently rest upon all of the evidence before him, none of which is reported. Since the findings of fact are not inconsistent with each other they must be accepted as true.

The findings establish that the plaintiff made the arrangements for the purchase of the automobile himself, that he took from a box in which he kept his valuables $700 in cash and a check, substantially all of which he had obtained through a loan from a credit union and from money that he had on deposit in the credit union, and gave it to the defendant to pay to the seller. This sum was the separate property of the plaintiff except as to $50, which was a wedding present to both the plaintiff and the defendant. The bill of sale ran from the seller to the plaintiff and thus the legal title passed from the seller to the plaintiff. There is no finding by the master that the defendant was to receive any equitable interest in the vehicle in return for the $184, which was all that she ever paid to the plaintiff in accordance with the understanding of the parties that she was to pay to him, while she was employed, $8 a week on account of the loan he had obtained from the credit union. Granting that both parties intended that she should repay the money borrowed by the plaintiff at the rate of $8 a week while she was employed, no inference can be drawn from that circumstance that title to the automobile was to be transferred from the plaintiff to her when she did make those payments. In fact she made only a part of the payments. This understanding we think means no more than that the parties intended to restore the borrowed money for the benefit of the family finances, and not that as a result of any payments made by the defendant after the purchase of the automobile title was to be transferred to her.

It is true that the automobile was registered in the name of the defendant. It does not appear, however, that the plaintiff requested the defendant to register it in her name or that he knew that she had done so until shortly after registration. When he did know that she had done so he made no objection, and did receive from her $15 on account of the registration fee and the cost of insuring the automobile, and he subsequently operated it from time to time. But although registration in the defendant's name is some evidence of ownership, *Burns* v. *Winchell*, 305 Mass. 276, yet in the instant case we think that evidence is not of

sufficient weight to overcome the facts that the bill of sale of the vehicle ran to the plaintiff and that he paid almost all of the purchase price. In *Burns* v. *Winchell*, just cited, the wife furnished a large part of the purchase price and the automobile was registered in her name, though the bill of sale ran to her husband. In that case we said that on this and the other evidence it could not have been ruled as matter of law that the wife was not the sole owner of the automobile. The evidence in that case, however, was more favorable to the wife than are the findings in the present case in which we must decide the question of fact which, in the *Burns* case, was not for our decision.

The present case resembles in many ways the case of *Patterson* v. *Patterson*, 197 Mass. 112, where important articles were claimed by a wife under leases in writing, which were also conditional sales made to her by shopkeepers, and where at pages 116–117 the court said: "The fact that these conveyances were made directly to her, in her name, with the knowledge and consent of her husband, with nothing to control or affect the legal presumption from such conveyances, except the fact that her husband furnished her a large part of the money to pay for the goods, while she furnished the rest, and the further fact that they were bought to be used and were used in the family, warranted, if it did not require the master's finding that they became the petitioner's separate property." In like manner, in the present case the conveyance of the automobile was made directly to the plaintiff in his name with the knowledge and acquiescence of the defendant. Unlike the petitioner in the *Patterson* case the plaintiff in the present case paid substantially all of the purchase price of the automobile, a circumstance more favorable to him. It is a fair inference that it was bought to be used in the family; the master has found that it was so used by both of the parties. The findings of the master support the conclusion that the plaintiff is the owner of the automobile.

The principles relating to gifts between husband and wife have no application here since the master has found that

the plaintiff did not make a gift of the automobile to the defendant.  *Patterson* v. *Patterson,* 197 Mass. 112, 117.

> *Interlocutory decree affirmed.*
> *Final decree affirmed, with costs.*