STANLEY L. MATEK vs. ELIZABETH A. MATEK.

Hampden.    September 20, 1945. — November 6, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Husband and Wife. Equity Jurisdiction,* Husband and wife. *Equity Pleading and Practice,* Taking bill for confessed, Bill, Decree, Amendment. Damages,* For tort.

An interlocutory decree taking a bill in equity for confessed does not ensure a final decree for the plaintiff; it merely establishes as true facts well pleaded in the bill and requires the entry of the proper final decree on those facts.

General statements in a bill in equity that certain described conduct of the defendant was "unlawful" or "wrongful" are not of themselves allegations of fact well pleaded.

A husband owning chattels which were in his wife's possession and were withheld from him by her upon his demand for them would not be entitled, in a suit in equity against her, to a decree for damages in the amount of the value of the chattels as for a conversion; a proper decree would establish the plaintiff's title to the chattels, protect him against their removal or secretion by the defendant, and enable him to regain possession thereof.

*It seems* that if, after a decree taking an original bill in equity for confessed has been entered, the bill is substantially changed by amendments, such decree does not extend to the amended bill but is vacated by the amendments, leaving it open to the defendant to come in seasonably and defend against the amended bill.

BILL IN EQUITY, filed in the Superior Court on May 31, 1944.

The defendant appealed from a final decree entered after hearing by *Burns,* J.

*E. J. Stapleton,* for the defendant.

*T. C. Maher,* for the plaintiff.

. QUA, J.    The bill originally filed in this cause on May 31, 1944, alleged that the parties were husband and wife; that in compliance with an order of the defendant the plaintiff left the house in which they were living together and has not lived there since; that the plaintiff was the owner of a washing machine, an oil burner, and other articles of per-

sonal property and was bailee of still other articles of personal property, all located in the house; that upon returning to the house for the purpose of removing this property he found the oil burner and the washing machine but was unable to find the other property; that he demanded the oil burner and the washing machine of the defendant, but that she refused to surrender and deliver them to him and claimed ownership of them; that he demanded of the defendant that she disclose to him the location of the other articles; that she stated to him that all of the other property had disappeared from the house, and that she had no knowledge of when or by whom it had been removed or where it was; that "by reasons of the defendant's unlawful actions, the property of the plaintiff has been withheld from him," and he has suffered damage "through the wrongful withholding of his property from him"; and that the plaintiff has demanded that the defendant surrender his property to him, but the defendant has continued to refuse to do so and "has insisted upon wrongfully withholding and concealing the plaintiff's property from him."

On July 25, 1944, the bill was taken for confessed for want of appearance by the defendant. On September 18 a motion was allowed to amend the bill by adding allegations that the defendant was in sole possession of the house after the plaintiff left it and that the statements of the defendant to the plaintiff, that the property other than the washing machine and the oil burner had disappeared from the house and that she had no knowledge of when or by whom it had been removed or where it was, were all known by her to be false and were made for the purpose of unlawfully concealing the plaintiff's property from him and preventing him from securing possession of it. On December 21 the judge filed a "Finding" that, the bill having been taken for confessed, the judge heard evidence "as to the personal property withheld and concealed and the fair value thereof and finds the plaintiff's damages to be" $1,800. He added, "This amount includes the value of the oil burner and washing machine." He ordered a decree adjudging the defendant liable in damages in the sum of $1,800, and on

January 5, 1945, a final decree was entered that the defendant pay to the plaintiff that sum and costs.

"The interlocutory decree taking the bill for confessed did not ensure a decree for the plaintiff. It only established as true the facts properly pleaded, and required the entry of whatever decree those facts demanded." *Mayor of Cambridge* v. *Dean,* 300 Mass. 174, 175, and cases cited. *Thomson* v. *Wooster,* 114 U. S. 104. Such vague conclusions as that the defendant has unlawfully or wrongfully withheld and concealed the plaintiff's property from him are not in themselves allegations of fact well pleaded, and if they have any force at all must depend for it upon the preceding more specific allegations of fact. *Medford* v. *Metropolitan District Commission,* 303 Mass. 537, 539. *Moriarty* v. *King,* 317 Mass. 210, 216, and cases cited.

The more specific allegations of fact were enough to show that a controversy existed between husband and wife as to the title to the washing machine and the oil burner and to justify some form of relief to enable him to enforce his property rights in these items. *Patterson* v. *Patterson,* 197 Mass. 112. *MacKenzie* v. *MacKenzie,* 306 Mass. 291. *Levy* v. *Levy,* 309 Mass. 486, 491. But we think there was error in the decree in giving the husband damages to the amount of their value, as for a conversion by the wife. We need not go so far as to say that damages can never be awarded in equity between husband and wife with respect to chattels, as for instance in cases of breach of trust or where the property is fraudulently put beyond reach or possibly as part of or incident to some purely equitable remedy. We lay any such possible cases at one side. There is nothing of that kind here. The chattels are in existence, and possession of them can be restored to the plaintiff. A proper decree would have declared the husband's title to the chattels, would have protected them against removal or secretion by the wife, and would have enabled the husband to regain possession of them. This was the type of relief granted in the *MacKenzie* and *Levy* cases above cited. It was stated in *Gahm* v. *Gahm,* 243 Mass. 374, 376, that there is "jurisdiction in equity over suits between husband

and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property." This statement has often been repeated but has never been held to include the right to elect to abandon all pursuit of the property itself and to sue for its value as in an action at law for conversion. See *Barbour* v. *Sampson*, 266 Mass. 180, 183. The fact that the parties are husband and wife does not in general enable them to maintain against each other in equity the equivalent of an action at law for damages. "It is only by establishing some special ground for equitable relief, such as those enumerated in *Gahm* v. *Gahm*, 243 Mass. 374, at page 376, that an exception to that general rule can be recognized." *Weidman* v. *Weidman*, 274 Mass. 118, 122. *Charney* v. *Charney*, 316 Mass. 580, 582–583, and cases cited.

In so far as the final decree includes damages with respect to items other than the washing machine and the oil burner, as we think the language of the trial judge in his finding shows it does, it is still further open to the objection already discussed that it gives relief in damages for tort as in an action at law.

If the posture of the case in the trial court is not changed by amendment or otherwise, it will be necessary to consider whether the case is ripe for a final decree in any form. After the original bill had been taken for confessed amendments were allowed. If these amendments made any material change in the case presented it would seem that the defendant's failure to appear to the original bill did not amount to a confession of the changed bill. The general rule seems to be that material amendments have the effect of vacating a decree taking the original bill for confessed and of giving the defendant the right to come in and defend to the entire bill as amended, at least until the amended bill shall in turn have been taken for confessed for further default on the part of the defendant. *Pearce* v. *Kennedy*, 232 Ala. 107, 109. *Gibson* v. *Rees*, 50 Ill. 383, 406. *South Chicago Brewing Co.* v. *Taylor,* 205 Ill. 132, 142. *Fogg* v. *Merrill*, 74 Maine, 523. *Harris* v. *Deitrich*, 29 Mich. 366. *Reno's*

*Administrator* v. *Harper*, 23 Miss. 154. *Cuebas* v. *Cuebas*, 223 U. S. 376, 389. *Nelson* v. *Eaton*, 66 Fed. 376. *Weightman* v. *Powell*, 2 DeG. & S. 570. See Rule 25 of the Superior Court (1932), last paragraph. There may be doubt, however, whether the amendments in this case, consisting principally of allegations of false statements by the defendant for the purpose of concealment, made any material change in the bill. We do not decide these questions because they have not been fully argued and it is not necessary that they be decided now and because, the defendant having appeared in the case, the court may decide expressly to vacate the decree taking the bill for confessed or may allow further amendment or may take other steps which will so change the aspect of the case as to render the suggested questions moot.

*Decree reversed.*