EDWARD A. RAMSEY *vs.* HELEN P. RAMSEY.

Middlesex.   December 6, 1956. — January 31, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Husband and Wife,* Property.   *Equity Jurisdiction,* Husband and wife. *Probate Court,* Decree.

Equity had jurisdiction of a suit by a husband to enjoin his wife from occupying premises alleged to be solely owned by him and from disposing of certain articles of household furniture therein alleged to be his.   [381]

The fact that a decree of a Probate Court on a petition by a wife for separate support, while adjudging that she was living apart from her husband for justifiable cause on the ground of desertion and enjoining him from imposing any restraint on her personal liberty, made no provision for her support did not show that the effect of the decree was to permit her to continue to occupy rent free premises belonging to the husband which she had been so occupying since he left her and on which he had been paying the taxes and carrying charges, nor preclude a court of equity in a suit by him against her from enjoining her from continuing her occupancy.   [381]

A pencilled notation by a judge of a Probate Court on the back of a petition as to the terms of the decree to be entered thereon was not part of the decree entered and must be disregarded in determining the meaning and effect of the decree in a subsequent proceeding between the same parties.   [382]

BILL IN EQUITY, filed in the Superior Court on August 1, 1955.

A demurrer was overruled by *Sullivan,* J., and the suit was heard on the merits by *Paquet,* J.

· *George L. Rabb, (Charles P. Huse, Jr.,* with him,) for the defendant.

*Morris T. Silverstein, (Richard J. O'Neil* with him,) for the plaintiff.

COUNIHAN, J.   This is an appeal from a final decree of the Superior Court in a suit in equity brought by the husband of the defendant.   The husband by this bill seeks to have his wife enjoined from occupying the premises numbered 64 Tamworth Hill Avenue, Wakefield, of which, he alleges, he is the sole owner, and also to enjoin her from removing or disposing of certain articles of household furniture in said premises which, he alleges, are his sole property. The final decree granted the relief prayed for.   This appeal also brings before us an appeal from an interlocutory decree overruling a demurrer of his wife.   The evidence is reported and the judge made findings and rulings.

The evidence being reported, it is our duty under the familiar rule to examine it and decide the case according to our own judgment, giving due weight to the findings of the judge which will not be reversed unless plainly wrong.   The findings of fact of the judge and those we find ourselves are as follows: The parties were married in 1923 and lived together until sometime in 1947 when the husband left his wife.   The husband bought this house on Tamworth Hill Avenue on March 6, 1931, in his name and with his own money, and the parties occupied it.   After her husband left her she continued to live there and she was living there at the time of the hearing on this bill on January 12, 1956.   The husband during this time paid the instalments on the principal of the mortgage, interest, taxes and water rates.   The wife spent some money for maintenance and upkeep of the property but paid no rent.   During this period the wife has excluded her husband from entering the house.

In February, 1952, the wife upon her petition was granted a decree from the Probate Court for Middlesex County that she was living apart from her husband for justifiable cause on the ground of desertion.   This decree enjoined the husband from imposing any restraint upon her personal liberty but it made no provision for her support and maintenance.

Subject to the exception of the wife and an offer of proof, the judge excluded evidence offered by the wife that there was a pencilled notation on the back of the petition of the

wife for separate support, made by the judge of probate who heard that petition, which reads, "No support order so long as Respondent pays the monthly installment to bank which holds mortgages on the house and owned by him which the Petitioner now occupies rent free and which she is to continue to occupy without payment of rent." This notation was signed by the first letter of the last name of the judge of probate.

The present bill was brought on August 1, 1955. The wife demurred on the grounds that the bill did not set forth facts sufficient to warrant relief to the husband and that the court was without jurisdiction of the subject matter of the bill. An interlocutory decree was entered overruling the demurrer from which, as we have said, the wife appealed. There is no merit to this appeal because "It is established that there is jurisdiction in equity of suits between husband and wife to secure his or her separate property." *Yurkanis* v. *Yurkanis*, 321 Mass. 375, 380, and cases cited. The wife makes no claim that the property here involved is not the property of her husband. Her contention is that the decree of the Probate Court, which made no order for her support, permitted her to continue to occupy the house rent free and therefore any decree of the Superior Court would be a modification of the decree of the Probate Court. There is no merit to this contention. The jurisdiction of the Superior Court over controversies between husband and wife concerning the ownership of property is independent of the powers of the Probate Court or the Superior Court in divorce proceedings and matters incidental thereto. *Patterson* v. *Patterson*, 197 Mass. 112, 117–118.

In passing it may be well to note that the Probate Court may at any time modify its earlier decree by making provision for the support of the wife. G. L. (Ter. Ed.) c. 209, § 32. *Coe* v. *Coe*, 320 Mass. 295. We also think it well to direct attention to G. L. (Ter. Ed.) c. 209, § 36, which precludes a husband from conveying his real estate as if he were sole without recourse to proceedings under that statute.

What we have said disposes of the wife's appeal from the decree overruling the demurrer. The exception of the wife to the exclusion of evidence relating to the pencilled notation on the back of the petition for separate support must also be overruled. That notation formed no part of the decree in that case and must be disregarded.

We have examined all other exceptions of the wife with care and find no merit in any of them.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs of*
*the appeal to the plaintiff.*